IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>*Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-796 |
| PRCHOU, LLC; MUKADAS D. KURBAN; APAR PATAER; ABDUL R. DAWOOD; and MARIA E. DAWOOD<br>*Defendants*. | § § § § § | |

**DEFENDANTS' ORIGINAL ANSWER AND MOTION TO ABATE**

**DEFENDANTS' MOTION TO ABATE THIS FEDERAL PROCEEDING PENDING THE RESOLUTION OF THE PRINCIPAL DEFENDANT'S STATE ACTION FOR BREACH OF CONTRACT AGAINST METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY IN THE 133RD HARRIS COUNTY DISTRICT COURT**

Plaintiff knows very well that the Principal Defendant did not default. It was METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY ("METRO"), the Obligee of the Surety Bond, who breached the project contract that the surety bond is covered. However, Plaintiff, the Surety Company, has not yet suffered any loss in paying this Obligee. The Principal Defendant is currently suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY;* 133 RD Harris County District Court*) (See* Exhibit A attached hereto for the Court's convenience.)

The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78 of the bond. In fact, the lawsuit brought by the Principal Defendant

against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and default by refusing to pay and certainly terminated the project contract to give it to an inside friend of the City of Houston under Turner's administration.

The decision to stay a case pending related litigation in state court is a matter of judgment for the Court and is reviewed for an abuse of discretion. S*ee Exxon Corp. v. St. Paul Fire and Marine Ins. Co*., 129 F.3d 781, 784 (5th Cir. 1997) (citing *Wilton v. Seven Falls Co*., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)).

In order to consider the propriety of a stay pending the disposition of state court actions, the federal and state cases must involve the same parties and the same issues. *See id*. at 785 (citing Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360; *Menidola v. Hart,* 561 F.2d 1207, 1208 (5th Cir. 1977).

In the instant case, the state court action involved METRO (the surety bond obligee) and *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON)* (the Principal Defendant). The Principal Defendant is in the process of bringing Plaintiff Surety into the 133rd District Court.  The surety bond is the subject matter of the state action and this federal case.  Thus, the two lawsuits involve the same parties[1], subject matter, and interests.

In the interest of justice and judicial economy and to avoid confusion of the two findings, Defendants respectfully request the Court grant its Motion to Abate this Federal Lawsuit pending the resolution of the Principal Defendant's breach of contract claim against METRO the oblige in the 133rd Harris County District Court.

---

[1] The other co-defendants are only guarantors.

# DEFENDANTS' ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiffs' Original Complaint except for those expressly admitted herein. In several instances, Defendants have identified statements in the Original Complaint that are legal conclusions or untrue statements rather than factual assertions. No response to such legal conclusions or untrue-factual statements is required. However, if such a response is required, Defendants deny such legal conclusions and untrue factual statements. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Original Complaint. Those titles and headings are reproduced in this Original Answer for organizational purposes only, and Defendants do not admit any matter contained in them.

## I.
## PARTIES

1. Defendants admit the allegations in paragraph no. 1 of the complaint.

2. Defendants admit the allegations in paragraph no. 2 of the complaint but deny as to the Principal Defendant's address.

3. Defendants admit the allegations in paragraph no. 3 of the complaint but deny as to thereto stated address of the stated defendant.

4. Defendants admit the allegations in paragraph no. 4 of the complaint but deny as to thereto stated address of the stated defendant.

5. Defendants admit the allegations in paragraph no. 5 of the complaint but deny as to thereto stated address of the stated defendant.

6. Defendants admit the allegations in numbered no. 6 of the complaint but deny as to thereto stated address of the stated defendant.

## II.
## JURISDICTION

7. Defendants admit to this Court's jurisdiction as alleged in Plaintiff's Original Complaint.

## III.
## VENUE

8. Defendants admit to this venue as alleged in Plaintiff's Original Complaint.

## IV.
## FACTUAL BACKGROUND

**A. The Indemnitors Executed an Agreement of Indemnity in Favor of the Surety**

9. Defendants can neither admit nor deny the allegations in paragraph no. 9 of the complaint. Defendants have no recollection of who approached the Surety.

10. Defendants can neither admit nor deny the allegations in paragraph no. 10 of the complaint. Defendants have no recollection of the requirement.

11. Defendants can neither admit nor deny the allegations in paragraph no. 11 of the complaint. The document speaks for itself.

12. Defendants deny the allegations in paragraph no. 12 of the complaint. There has not been any loss yet. The Principal Defendant is suing METRO. (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY*; 133rd Harris County District Court). The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff has been in

communication with the Principal Defendant counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract to give it to an inside friend of the City of Houston under Turner's administration.

**B. The Bonds and Claims**

13. Defendants deny the allegations in paragraph no. 13 of the complaint.

14. Defendants deny the allegations in paragraph no. 14 of the complaint. Plaintiff knows very well that there was no default. There has not been any loss yet. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract to give it to an inside friend of the City of Houston under Turner's administration.

15. Defendants deny the allegations in paragraph no. 15 of the complaint. Those subcontractors and/or suppliers with good invoices have been duly paid.

16. Defendants deny the allegations in paragraph no. 16 of the complaint. Plaintiff knows very well that there was no default. There has not been any loss yet. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF*

*HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract to give it to an inside friend of the City of Houston under Turner's administration.

17.     Defendants deny the allegations in paragraph no. 17 of the complaint. Plaintiff knows very well that there was no default to trigger the obligations of the Indemnity Agreement. There has not been any loss yet. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff has been in communication with the Principal Defendant counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract to give it to an inside friend of the City of Houston under Turner's administration.

18.     Defendants deny the allegations in paragraph no. 18 of the complaint. Plaintiff counsel has been in communication with the Principal Defendant's counsel. Plaintiff knows very well that there was no default. There has not been any loss yet to trigger the obligations of the Indemnity Agreement. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract with the Principal Defendant. Upon information and belief, the contract was abruptly and wrongfully terminated to give to an inside friend of the City of Houston under Turner's administration.

19.     Defendants cannot admit or deny as there has been no default yet, so there was no cure for the alleged default.

**C. Damages of the Surety**

20.     Defendants deny the allegations in paragraph no. 20 of the complaint. Plaintiff wrongfully and unnecessarily paid the alleged amount without conferring with the Principal Defendant.

21.     Defendants deny the allegations in paragraph no. 21 of the complaint. Plaintiff counsel has been in communication with the Principal Defendant's counsel. Plaintiff knows very

well that there was no default. There has not been any loss yet to trigger the obligation of the Indemnity Agreement. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Defendant Principal against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract with the Principal Defendant. Upon information and belief, the contract was abruptly and wrongfully terminated to give to an inside friend of the City of Houston under Turner's administration.

22. Defendants deny the allegations in paragraph no. 22 of the complaint. The loss has not been triggered for the allegation that "Surety will have a loss of at least $1,512,283.12" or higher. Plaintiff counsel has been in communication with the Principal Defendant's counsel. Plaintiff knows very well that there was no default. There has not been any loss yet. The Principal Defendant is suing METRO (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal

Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and defaulted by refusing to pay and certainly terminated the project contract with the Principal Defendant. Upon information and belief, the contract was abruptly and wrongfully terminated to give to an inside friend of the City of Houston under Turner's administration.

23.     Defendants deny the allegations in paragraph no. 23 of the complaint. Plaintiff knew that METRO breached the contract with the Principal Defendant. To avoid incurring unnecessary attorneys 'fees, Plaintiff should agree to abate this case until the case with METRO is over. Plaintiff's counsel has been in communication with the Principal Defendant's counsel. Plaintiff was well informed that there was no default. There has not been any loss yet to trigger the Indemnity Agreement. Defendant Principal's is suing METRO  (Cause No. 202412963: *PRCHOU LLC (D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON) vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY; 133 RD Harris County District Court)*. The Indemnitors' obligation has not yet been triggered and was not ripe. Plaintiff's story is only half told. It only represents to the Court its side of the story. Plaintiff knows very well that METRO breached the contract with the Principal Defendant, and METRO is not entitled to $2,866,884.78. In fact, the lawsuit brought by the Principal Defendant against METRO is ongoing. In fact, METRO owes the Principal Defendant over $11,000,000. In fact, Plaintiff counsel has been in communication with the Principal Defendant's counsel and was fully notified that it was METRO who breached the contract and default by refusing to pay and certainly terminated the project contract with the Principal Defendant. Upon information and belief, the contract was

Page **9** of **12**

abruptly and wrongfully terminated to give to an inside friend of the City of Houston under Turner's administration.

24. Defendants deny the allegations in paragraph no. 24 of the complaint, as the obligations have not yet been triggered. Therefore, the claim and obligation are not ripe yet.

25. Defendants deny the allegations in paragraph no. 25 of the complaint, as the obligations have not yet been triggered. Therefore, the claim and obligation are not ripe yet.

## V.
## CONDITIONS PRECEDENT

26. Defendants deny the allegations in paragraph no. 26 of the complaint.

## VI.
## CAUSES OF ACTION

### COUNT I
### Breach of Indemnity Agreement

27. Paragraph 27 is a summary of the previous paragraph and requires no response. To the extent a response is required, Defendants deny said allegations.

28. Defendants deny the allegations in paragraph no. 28 of the complaint.

### COUNT II
### Recovery of Attorneys' Fees and Expenses

29. Paragraph 29 is a summary of the previous paragraph and requires no response. To the extent a response is required, Defendants deny said allegations.

30. Defendants deny the allegations in paragraph no. 30 of the complaint. The Surety is not entitled to recover its attorneys' fees and expenses from the Indemnitors as the Surety has been informed that there was no real loss yet. The claim, if any, has not yet been ripe. Plaintiff's counsel has been in communication with the Principal Defendant's counsel, and Plaintiff knew that METRO breached the contract with the Principal Defendant, and the litigation is ongoing. To avoid attorneys' fees. Plaintiff should agree to abate this case until the case with METRO is over;

Plaintiff knows very well that METRO (the Surety) breached the contract with Plaintiff, and it is not entitled to $2,866,884.78. In fact, the lawsuit against METRO is ongoing. In fact, METRO, the Obligee owes the Principal Defendant over $11,000,000. Plaintiff should not incur attorneys' fees unnecessarily.

31. Defendants deny the allegations in paragraph no. 31 of the complaint. The Surety is not entitled to recover its attorneys' fees and expenses from the Indemnitors as the Surety has been informed that there was no real loss yet. Plaintiff knew that METRO breached the contract with the Principal Defendant. To avoid attorneys 'fees. Plaintiff should agree to abate this case until the case with METRO is over, Plaintiff knows very well that METRO (the Obligee) breached the contract with Plaintiff, and it is not entitled to $2,866,884.78. In fact, the lawsuit against METRO is ongoing. In fact, METRO, the Obligee, METRO, owes the Principal Defendant over $11,000,000. Plaintiff counsel has been in communication with the Principal Defendant's counsel. Plaintiff should not incur attorneys' fees unnecessarily.

## VII. REQUEST FOR RELIEF

Defendants admit that Plaintiffs seek the relief stated in numbered items 1 through 4 of the section entitled "Request for Relief," but Defendants deny that Plaintiff is entitled to any relief from this Court.

## VII. AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendants assert the defense of impossibility.

Defendants assert their counterclaims of breach of contract, violation of the Texas Insurance Code, breach of good faith and fair dealing, and attorneys' fees to all claims to which the applicable laws apply.

Defendants assert the right to amend these affirmative defenses and counterclaims to assert additional affirmative defenses and counterclaims as they may become known to Defendants.

## PRAYER

For the foregoing reasons, Defendants ask the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiff' suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief that the Court deems appropriate.

DATED this 10th day of June 2024.

Respectfully submitted,

By: */s/ Minh-Tam Tran*
Minh-Tam (Tammy) Tran
THE TAMMY TRAN LAW FIRM
Texas Bar No. 20186400
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
Telephone: (832) 372-4403
Email: ttran@tt-lawfirm.com
*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I, Minh-Tam Tran, hereby certify that on this 10th day of June 2024, I caused the foregoing to be served via the Court's ECF Filing System, and through that system, it will be served upon registered counsel by email.

*/s/ Minh-Tam Tran*
Minh-Tam Tran
