IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 24-796 |
| | § | |
| PRCHOU, LLC; MUKADAS D. KURBAN; | § | |
| APAR PATAER; ABDUL R. DAWOOD; | § | |
| and MARIA E. DAWOOD | § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff, Travelers Casualty and Surety Company of America (the "Surety"), files this its First Amended Complaint against Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, the "Indemnitors"), and respectfully states:

### I.
#### PARTIES

1.     Travelers Casualty and Surety Company of America is a Connecticut corporation with its principal place of business in the State of Connecticut. The Surety is authorized to do business in the State of Texas.

2.     PRCHOU, LLC (the "Principal") is a Texas limited liability company with its principal place of business in the Houston, Texas, and has made an appearance in this matter.

3.     Mukadas D. Kurban is an individual resident, domiciliary, and citizen of the State of Texas, and has made an appearance in this matter.

4.     Apar Pataer is an individual resident, domiciliary, and citizen of the State of Texas, and has made an appearance in this matter.

5.      Abdul R. Dawood is an individual resident, domiciliary, and citizen of the State of Texas, and has made an appearance in this matter.

6.      Maria E. Dawood is an individual resident, domiciliary, and citizen of the State of Texas, and has made an appearance in this matter.

## II.
## JURISDICTION

7.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.
## VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1391(a)(3) in that the Southern District, Houston Division is a judicial district in which in which all of the Indemnitors are subject to the Court's personal jurisdiction with respect to such action. In addition, the Indemnitors consented to jurisdiction and venue in a valid forum selection clause.

## IV.
## FACTUAL BACKGROUND

**A.      The Indemnitors Executed an Agreement of Indemnity in Favor of the Surety**

9.      The Principal approached the Surety to issue performance and payment bonds in connection with construction projects.

10.      The Surety required indemnity prior to issuance of any bond.

11.      This indemnity requirement was met by execution of a *General Agreement of Indemnity* by the Indemnitors in favor of the Surety, dated May 9, 2019 (the "Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

12.     The Indemnitors have an obligation under the Indemnity Agreement to indemnify the Surety from loss:

> **3. <u>Indemnification and Hold Harmless</u>:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

**B.      The Bonds and Claims**

13.     Relying upon the Indemnity Agreement, the Surety issued various payment and performance bonds on behalf of the Principal (the "Bonds").

14.     After execution of the Bonds, the Principal was issued notices of default and/or terminated by the obligee on the Bonds, the Metropolitan Transit Authority of Harris County ("METRO").

15.     In turn, METRO asserted claims against the Bonds based on the failure of the Principal to complete the bonded projects.

16.     The Surety also received claims against the Bonds by subcontractors and/or suppliers of the Principal who alleged that they were not paid by the Principal for labor and/or materials provided on the bonded projects.

17.     Based on the claims against the Bonds, and in accordance with the obligations of the Indemnity Agreement, the Surety demanded collateral of $2,866,884.78 on July 16, 2023. A true and correct copy of the demand for collateral is attached hereto as Exhibit 2 and is incorporated herein by reference.

18.     The Indemnitors did not respond to the demand and have not provided collateral as requested by the Surety and as required by their obligations in the Indemnity Agreement.

<u>**FIRST AMENDED COMPLAINT**</u>                                                                                    **Page 3**

19.     On August 8, 2023, the Surety notified the Indemnitors that the failure to provide collateral constituted a default of the Indemnity Agreement. A true and correct copy of notice of default is attached hereto as Exhibit 3 and is incorporated herein by reference.

20.     At no point have the Indemnitors sought to cure this default.

**C.     Damages of the Surety**

21.     In connection with the claims against the Bonds, the Surety and METRO entered into a *Compromise and Settlement Agreement* dated June 19, 2024 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 4 and is incorporated herein by reference.

22.     As detailed in the Settlement Agreement, the Surety paid METRO a total of $1.7 million in connection with the claims by METRO against the Bonds.

23.     The Surety had a right to settle claims pursuant to the Indemnity Agreement:

> **4. <u>Claim Settlement</u>**: Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

24.     Based on the existence of the claims against its Bonds, the Surety has suffered losses under the Bonds of at least $1,866,281.08 as of June 26, 2024. A true and correct copy of the internal ledger of the Surety identifying losses as of June 26, 2024, is attached hereto as Exhibit 5 and is incorporated herein by reference.

25.     In addition, the Surety faces continuing exposure on the Bonds in connection with claims by subcontractors and/or suppliers of the Principal who alleged that they were not paid by the Principal for labor and/or materials provided on the bonded projects.

26.     The Surety continues to incur losses in the form of attorneys' fees and expenses in pursuing enforcement of the Indemnitors' obligations under the Indemnity Agreement.

27.     In light of the claims against the Bonds and the losses incurred by the Surety under the Bonds, the Indemnitors have an obligation under the Indemnity Agreement to indemnify the Surety from any loss.

28.     The Indemnitors have failed to fulfill their obligations under the Indemnity Agreement.

**V.**
**CONDITIONS PRECEDENT**

29.     All conditions precedent to recovery by the Surety from each defendant has occurred or has been performed.

**VI.**
**CAUSES OF ACTION**

**COUNT I**
**Breach of Indemnity Agreement**

30.     The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

31.     The Indemnitors are liable to the Surety under the Indemnity Agreement for all losses the Surety has incurred, and will incur, in connection with the Bonds.

**COUNT II**
**Recovery of Attorneys' Fees and Expenses**

32.     The Surety incorporates herein by reference, as if fully set forth, the allegations set forth above.

33.     The Surety is entitled to recover its attorneys' fees and expenses from the Indemnitors as a direct loss under the provisions of the Indemnity Agreement.

34.     Additionally, and alternatively, the Indemnitors are obligated to reimburse the Surety for its reasonable attorneys' fees incurred in the bringing of this complaint under Section 38.001, *et. seq.* of the Texas Civil Practice & Remedies Code

## VII.
### REQUEST FOR RELIEF

For the foregoing reasons Plaintiff, Travelers Casualty and Surety Company of America, respectfully request that the Indemnitors be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.   Judgment against the Indemnitors in the amount of damages incurred by the Surety;

2.   Attorneys' fees and expenses;

3.   Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

4.   Costs of court; and

5.   Such other and further relief to which the Surety is justly entitled.

Respectfully submitted,

**BAINS LAW PLLC**

By: _/s/ Brandon K. Bains_
Brandon K. Bains – Attorney in Charge
State Bar No. 24050126
S.D. Texas Bar No. 711977
P.O. Box 559
Azle, TX 76098
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served pursuant to Federal Rules of Civil Procedure upon the following counsel of record on this the 28th day of June, 2024:

> Minh-Tam (Tammy) Tran
> **THE TAMMY TRAN LAW FIRM**
> 4900 Fournace Place, Suite 418
> Bellaire, Texas 77401
> 832-372-4403
> ttran@tt-lawfirm.com
> ***Counsel for Defendants***

> */s/ Brandon K. Bains*
> Brandon K. Bains