

## RECORD OF CONCURRENCE AND APPROVAL

| SUBJECT | SUSPENSE DATE |
|---|---|
| Travelers Casualty and Surety Company of America (the "Surety") Compromise and Settlement Agreement | 6/12/2024 |

| EXPLANATION |
|---|

"METRO executed a construction contract with PRCHOU, LLC ("PRC") for BOOST 56 Westheimer. METRO issued work authorizations for 3 segments of the project. A combination Performance and Payment Bond ("Bond") was issued for each segment. On or about May 5, 2023, METRO terminated the contract for default due to PRC's abandonment of the project site, non-performance, and failure to pay its subcontractors. Subsequently, METRO filed claims with Travelers (Bond Surety) for PRC's non-performance of Segments 2 and 3 of the project. The subcontractors also submitted claims to the Surety for non-payment.

This Compromise and Settlement Agreement between Travelers and METRO is to settle the bond claims for the BOOST 56 project. The parties conducted extensive negotiations on the amount owed and ultimately agreed the amount that will be paid METRO is fair and reasonable in light of the following: METRO and the Surety exchanged and reviewed supporting documentation related to the claimed amounts owed and believe the final amount is an accurate compromise of METRO's claims; METRO had sufficient funds remaining in the contract to re-procure the construction services and those projects are currently in progress; and subcontractor payment claims have been considered and determined proper payout by Travelers and METRO has no outstanding obligations to any subcontractors.

PRC has filed suit against METRO alleging breach of contract and seeking specific performance. The litigation is in the preliminary stages and METRO has filed a plea to the jurisdiction and answer as well as initial disclosures. The next step in the litigation will be a filing of a motion in support of the Plea to the Jurisdiction in order to narrow the claims and damages sought based on governmental and contract immunity. While we think the plea will be successful as to certain aspect of the litigation, we do not think it will be a complete dismissal of the case. At that point, the matter will follow the standard procedures for construction litigation. It is also important to note that Traveler's has filed its own suit against PRC claiming it violated the bond and owes damages to the surety."

| ORIGINATOR | DATE ORIGINATED | PERSON TO CONTACT FOR DETAILS | | TELEPHONE NUMBER |
|---|---|---|---|---|
| April Greenhouse | 6/12/24 | April Greenhouse | | 713.652.8068 |

| ROUTING SEQUENCE | APPROVING AUTHORITY | SIGNATURE | DATE | COMMENTS |
|---|---|---|---|---|
| | Board Member | | | |
| | Director, Board Office | | | |
| x | Interim President CEO, Thomas Jasien | [signature] | 6/13/24 | |
| | Deputy Chief Executive Officer | | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Chief of Staff |  |  |  |
|  | Executive Assistant to CEO |  |  |  |
|  |  |  |  |  |
| x | Executive VP and Interim General Counsel, Alva Trevino | *Alva Trevino (Jun 17, 2024 14:49 CDT)* | 06/17/2024 |  |
|  | Assistant Secretary-Board Office |  |  |  |
| x | Chief Financial Officer, George Fotinos | *[signature]* | 06/17/2024 |  |
| x | Chief Procurement Officer, Michael, Kyme | *Michael Kyme (Jun 12, 2024 13:24 CDT)* | 06/12/2024 |  |
| x | EVP Planning Engineering & Construction, Shrikanth Reddy | *Shri Reddy* | 06/17/2024 |  |
| x | Deputy General Counsel, April Greenhouse | *April Greenhouse (Jun 12, 2024 13:07 CDT)* | 06/12/2024 |  |
|  |  |  |  |  |

# COMPROMISE AND SETTLEMENT AGREEMENT

This **Compromise and Settlement Agreement** (the "Agreement") is entered into by and between Metropolitan Transit Authority of Harris County ("METRO") and Travelers Casualty and Surety Company of America (the "Surety"). METRO and the Surety shall collectively be referred to as the "Parties." Now therefore, in consideration of the following good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in consideration of the mutual promises and agreements herein contained, the Parties agree as follows.

1. <u>The Projects.</u> PRCHOU, LLC ("PRC") and METRO entered into contracts on or about April 5, 2022, for projects identified as (1) Segment #2 of route 56 – between Cavalcade & Tidwell (the "Segment #2 Project"); and (2) Segment #3 between Tidwell and Gulf Bank Roads (the "Segment #3 Project," and collectively with the Segment #2 Project, the "Projects").

2. <u>The Bonds.</u>

    a. On the Segment #2 Project, the Surety issued a combination Performance and Payment Bond No. 107521472 in the single penal sum of $1,456,760.06, with PRC as Principal in favor of METRO (the "Segment #2 Bond").

    b. On the Segment #3 Project, the Surety issued a combination Performance and Payment Bond No. 107521472-1/107629723 in the single penal sum of $1,410,124.72, with PRC as Principal in favor of METRO (the "Segment #3 Bond").

The Segment #2 Bond and the Segment #3 Bond shall be collectively referred to as the "Bonds."

3. <u>Claim Against the Performance Bonds by METRO.</u> METRO asserted a claim against the Bonds alleging that PRC failed to complete the Projects.

4. <u>A Settlement Has Been Reached.</u> To avoid the costs, inconvenience, and burdens associated with contested litigation and, without admitting liability on any outstanding claim, METRO and the Surety enter into this Agreement to avoid litigating the issues between them relating to the Bonds and/or the Projects.

5. <u>Settlement Consideration.</u> The Surety agrees to pay a total of ONE MILLION, SEVEN HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($1,700,000.00) (the "Settlement Consideration") to METRO within twenty (20) days of execution of this Agreement. The Settlement Consideration shall be paid on the Projects as follows:

    a. SIX HUNDRED AND FIVE THOUSAND, TWO HUNDRED DOLLARS AND ZERO CENTS ($605,200.00) in connection with METRO's claim against the Segment #2 Bond; and

      b. ONE MILLION, NINETY-FOUR THOUSAND, EIGHT HUNDRED DOLLARS AND ZERO CENTS ($1,094,800.00) in connection with METRO's claim against the Segment #3 Bond.

6.     Full Satisfaction. METRO agrees to accept the Settlement Consideration in full and complete satisfaction of all claims, which have been, or could have been, now or in the future, asserted against the Surety in connection with the Bonds and/or the Projects, including any and all claims of METRO for costs or damages related to PRC's default.

7.     Parties Bear Own Costs. The Parties agree that each party will be responsible for its costs, expenses and attorney' fees incurred in connection with the Projects; provided however, that nothing herein shall be construed as a release by the Surety or METRO of any claims they may have against PRC and/or other corporate or personal indemnitors.

8.     Release by METRO. METRO, for itself, its affiliates, officers (present and former), directors (present and former), agents, attorneys, employees, legal representatives, successors and permitted assigns, releases, acquits, and discharges the Surety, its affiliates, officers (present and former), directors (present and former), agents, attorneys, employees, representatives, successors and permitted assigns from any and all claims, demands, and causes of action of whatever nature or character, whether in contract or in tort, but not limited thereto, known or unknown, that relate to the Bonds and/or the Projects. Nothing herein shall be construed as a release by METRO of any claims it has against PRC. METRO agrees that Bond Nos. 107521472 and 107521472-1/107629723 are released and that Bond Nos. 107521472 and 107521472-1/107629723 have no further force or effect. METRO further agrees to return Bond Nos. 107521472 and 107521472-1/107629723 to the Surety marked "CANCELLED" within five (5) days of receipt of the Settlement Consideration.

9.     Entire Consideration. It is agreed and understood that this Agreement sets forth the entire consideration for the agreements and understandings of the Parties and that all agreements and understandings among the Parties are embodied and expressed in this Agreement.

10.     Payment Bond Obligations Remains in Effect. Obligations of the Surety for claims against the payment bond provisions in the Bonds shall remain in full force and effect, and the Surety retains all obligations, rights, and defenses related thereto under Texas law or otherwise. All payments made by the Surety for payment of claims on the Bonds shall be credited against the penal limit of the Bonds. The Surety shall not, under any circumstances, be obligated to expend more than the penal limit of the Bonds.

11.     All Representations Contained in Agreement. The Parties expressly agree that they are not relying on any representation, statement or promise that is not expressly stated herein. In particular, METRO represents and warrants that no agent, servant, employee, attorney, representative or any other person representing or claiming to represent the Surety has made any representations, promises, or statements to METRO or its representatives to induce it to enter into this Agreement, other than those expressly contained in this Agreement. Similarly, the Surety

represents and warrants that no agent, servant, employee, attorney, representative or any person representing or claiming to represent METRO have made any representations, promises or statements to the Surety or its representatives to induce it to enter into this Agreement, other than those expressly contained in this Agreement. The consideration expressed in this Agreement is contractual and is not expressed merely as a recital.

12. **No Oral Agreements.** It is agreed and understood by the Parties that there have been no oral or other agreements or representations of any kind whatsoever as a condition precedent or to induce the execution and delivery of this Agreement by any party hereto. It is further agreed that no change, addition or amendment shall be made herein or to any of the terms, covenants or conditions hereto except in writing, signed by the Parties to this Agreement. Each of the Parties represent that they have read this Agreement, understand its terms and have voluntarily entered into this Agreement after consultation with legal counsel of their choice.

13. **Legal Owners of All Claims.** METRO and the Surety represent and warrant that they are the current legal and beneficial owners of any and all claims herein released, and that they have not assigned, pledged or contracted to assign or pledge any such claim to any person or entity.

14. **Choice of Law.** This Agreement shall be governed in all respects, including the validity, interpretation and effect, by the laws of the State of Texas, without giving effect to the principles of conflict of laws of that state.

15. **Venue.** The Parties hereby stipulate and agree that if it becomes necessary for either Party to file any action in connection with this Agreement including, without limitation, to enforce any breach of this Agreement, that such action shall be brought in U.S. District Court for the Southern District of Texas – Houston Division, if there is federal subject-matter jurisdiction. The Parties further stipulate and agree that venue is proper in U.S. District Court for the Southern District of Texas – Houston Division, if there is federal subject-matter jurisdiction. Otherwise, the Parties stipulate to venue in District Court for Harris County, Texas.

16. **No Third-Party Rights.** This Agreement is solely between METRO and the Surety. Performance of the respective obligations of each Party under this Agreement shall be rendered solely to the other Party. This Agreement may not be assigned in whole or in part by any party without the prior written approval of each of the Parties to this Agreement. In no event shall any group, individual, or third party have any rights under this Agreement.

17. **No Admissions by the Parties.** This Agreement is a compromise, settlement and release of disputed claims and does not constitute, nor can it be construed to constitute, nor shall it ever be treated as evidence of, or an admission of, liability by or against any party hereto for any purpose whatsoever.

18. **Counterparts.** This Agreement may be executed by the parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. Each counterpart may consist

of a number of copies each signed by less than all, but together signed by all of the Parties.

     19.    <u>Date of Execution.</u>  This Agreement shall be in effect on the date of execution of the last party hereto.

**Metropolitan Transit Authority of Harris County**

By: _____

Name: _[signature]_____

Title: _Interim President & CEO_____

Date: _6/18/24_____

**Travelers Casualty and Surety Company of America**

By: _[signature]_____

Name: _Elizabeth Roman_____

Title: _Managing Director & Counsel_____

Date: _6/19/24_____