IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>    Plaintiff,<br><br>v.<br><br>PRCHOU, LLC; MUKADAS D. KURBAN; APAR PATAER; ABDUL R. DAWOOD; and MARIA E. DAWOOD<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 24-796 |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
PURSUANT TO RULE 12(B)(6) AND BRIEF IN SUPPORT**

Plaintiff, Travelers Casualty and Surety Company of America (the "Surety"), files this its Motion to Strike the purported counterclaims[1] of Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, "Indemnitors"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] In support, the Surety respectfully states as follows:

**I.
SUMMARY**

1.    The Surety filed suit to recover amounts owed to it by the Indemnitors pursuant to contractual promises of indemnity. In a single sentence, the Indemnitors assert "counterclaims of breach of contract, violation of the Texas Insurance Code, breach of good faith and fair dealing,

---

[1] *See* Dkt. 14

[2] The Surety also believes that there is basis for striking the affirmative defenses of "impossibility" alleged by the Indemnitors pursuant to Rule 12(f). The Surety, however, filed a First Amended Complaint today pursuant to Rule 15(a)(1)(B), and as such, an Amended Answer is required by the Indemnitors within 14 days pursuant to Rule 15(a)(3). To the extent affirmative defenses are alleged that are invalid under the Federal Rules or substantive law, the Surety will file a Motion to Strike at that time.

and attorneys' fees to all claims to which the applicable laws apply."[3] First, the Indemnitors fail to meet the pleading standards required by the Federal Rules, as well as the edict of the U.S. Supreme Court in *Twombly* and *Iqbal* (and their progeny). In fact, the Indemnitors do not assert <u>any</u> facts that would support the counterclaims; rather, they simply allege a generic descriptor of a possible cause of action. This is insufficient under the Federal Rules, and the counterclaims should be dismissed as a matter of law on this basis alone.

2.      Moreover, even if these claims were properly pled (which they are not), they would be invalid as a matter of law based on the contractual agreement of indemnity, as well as Texas law. For instance, Texas courts have routinely held that there is no duty of good faith and fair dealing in Texas between a surety and its principal/indemnitors. Moreover, as a surety is not by definition in the business of insurance under Texas law, there are no applicable provisions of the Texas Insurance Code that could have been violated by the Surety resolving claims against its bonds. Finally, the contract between these parties is the indemnity agreement, and there has been no allegation – nor could there be – of any act or omission that would constitute a breach by the Surety. In reality, the Indemnitors simply complain that the Surety settled claims against its bonds, which was its express right to do under the indemnity agreement. Accordingly, all counterclaims should be dismissed by the Court.

## II.
## MOTION TO DISMISS – JUDGE'S PROCEDURES

3.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Surety moves to dismiss for failure to state a claim the "counterclaims of breach of contract, violation of the Texas

---

[3] Dkt. 14, pg. 11

Insurance Code, breach of good faith and fair dealing, and attorneys' fees to all claims to which the applicable laws apply."

4. In addition, and in accordance with Section VII(B) of the Court's Procedures, the suit is currently in the initial pleading stage. As noted in footnote 2, the Surety filed a *First Amended Complaint* today pursuant to Rule 15. It is expected that an *Amended Answer* will follow within the next 14 days per the Rules. The Surety also filed today a *Response in Opposition* to a request for abatement embedded in the Answer of the Indemnitors. The nature of the suit is to enforce promises of indemnity and recover actual damages incurred.

5. The issue to be ruled upon by the Court is whether the purported counterclaims of the Indemnitors should be dismissed as a matter of law. The standard under 12(b)(6) is that all well-pleaded facts are viewed in the light most favorable to the defendant (in the case of a counterclaim), but the defendant must allege facts that support the elements of the cause of action in order to make out a valid claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

## III.
## BACKGROUND

6. In connection with the issuance of performance and payment bonds (the "Bonds") on behalf of PRCHOU, LLC (the "Principal"), the Indemnitors executed a *General Agreement of Indemnity* by the Indemnitors in favor of the Surety, dated May 9, 2019 (the "Indemnity Agreement").[4]

7. After execution of the Bonds, the Principal was issued notices of default and/or terminated by the obligee on the Bonds, the Metropolitan Transit Authority of Harris County

---

[4] *See* Dkt. 15-1

**MOTION TO DISMISS COUNTERCLAIMS**                                                      **PAGE 3**

("METRO").[5] In turn, METRO asserted claims against the Bonds based on the failure of the Principal to complete the bonded projects.[6]

8. Based on the claims against the Bonds, and in accordance with Section 5 of the Indemnity Agreement, the Surety demanded collateral of $2,866,884.78 on July 16, 2023.[7] The Indemnitors did not provide collateral as requested by the Surety, which constituted a default under the Indemnity Agreement.[8]

9. Among other provisions, the Indemnity Agreement provides as follows:

> **3. Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save [the Surety] harmless from and against all Loss. An itemized, sworn statement by an employee of [the Surety], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to [the Surety] shall be payable upon demand.[9]
>
> **4. Claim Settlement**: [The Surety] shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against [the Surety] or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. [The Surety] shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.[10]

## IV.
## ARGUMENTS AND AUTHORITIES

**A.  Standard of Review**

10. This Court has the authority under Federal Rule of Civil Procedure 12(b)(6) to dismiss a cause of action for the failure of the Indemnitors to state a claim upon which relief can

---

[5] Dkt. 15, ¶ 14

[6] *Id.* at ¶ 15

[7] Dkt. 1-2; *see also* Dkt. 15-1, ¶ 5

[8] *See* Dkt. 15, ¶ 18; *see also* Dkt. 15-1, ¶ 1 (definition of default); Dkt. 15-3 (notice of default)

[9] Dkt. 15-1, ¶ 3 (emphasis in original)

[10] *Id.* at ¶ 4 (emphasis in original)

be granted. Dismissal is proper if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Scott v. Steinhagen Oil Co., Inc.*, 224 F. Supp. 2d 1084, 1085 (E.D. Tex. 2002).

11.  Despite the "short and plain statement" permitted by Federal Rule of Civil Procedure 8(a), to avoid dismissal based on Rule 12(b)(6), a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

12.  In addition, conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to or incorporated in a complaint. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). If the incorporated document "reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Id.*

B.  **Failure to Properly Plead**

13.  In this case, there can be no question that the Indemnitors have failed to satisfy the pleading standards required by *Twombly* and *Iqbal*. Indeed, the Indemnitors do not allege any facts in connection with their purported counterclaims. Rather, and as noted, they offer a single sentence that provides a vague description of a cause of action. This is insufficient. For instance, it is unclear

and unknown what specific sections of the Texas Insurance Code are alleged as violated by the Surety, including any act or omission that would constitute a violation.

14. The same is true with respect to the notion of a breach of contract. The Indemnitors do not allege what contract is at issue, what act or omission by the Surety constituted a breach, or what damages, if any, have been incurred due to a breach. Finally, there is the same issue with the vague allegation of a duty of good faith and fair dealing. As detailed further below, that does not exist in Texas to begin with for sureties, and even if it did, there are not sufficient allegations that identify what act or omission of the Surety would constitute any sort of violation. Accordingly, and on this basis alone, the Court should dismiss these counterclaims as a matter of law.

**C.     Breach of Contract**

15. The elements for breach of contract in Texas are: "(1) there is a valid, enforceable contract; (2) the plaintiff is a proper party to sue for breach of the contract, (3) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations, (4) the defendant breached the contract, and (5) the defendant's breach caused the plaintiff injury." *ExxonMobil Global Services Co. v. Gensym Corp. & Versata Enterprises, Inc.*, 54 F. Supp. 3d 707, 710-11 (W.D. Tex. 2014). Furthermore, in order to properly plead a claim based on breach of contract, the Indemnitors must point to a specific provision in the contract that was breached by the Surety. *Watson v. CitiMortgage, Inc.*, 814 F. Supp. 2d 726 (E.D. Tex. 2011).

16. The Indemnitors do not allege any of these elements. The flavor of the allegations indicates that the Indemnitors disagree with the Surety's decision to settle the claims against its bonds by METRO. This, however, could not be a breach of contract by the Surety, as the only contract between the Surety and the Indemnitors is the indemnity agreement, which gives the Surety the absolute right to settle claims. *See Travelers Cas. & Sur. Co. of Am. v. Momie*, Civil

Action No. H-22-2212, 2023 U.S. Dist. LEXIS 233422, *7 (S.D. Tex. 2023) ("a surety need not have conducted a 'reasonable' investigation prior to a determination that claims should be settled or paid."); *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2019 U.S. Dist. LEXIS 68781, *25 (W.D. Tex. 2019) ("Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle claims without adjudication . . . .") (internal quotation omitted).

17. Moreover, there could not be a prior material breach by the Surety because there is no good faith and fair dealing requirement between the Indemnitors and the Surety. The Texas Supreme Court has held that there is no implied duty of good faith and fair dealing on a surety. *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 280 (Tex. 1998) ("We concluded in *Great American* that because these factors are not present in the relationship between surety and obligee, the duty of good faith and fair dealing should not apply. Because we likewise conclude that they are not present in the relationship between surety and principal, we also decline to extend the duty to this relationship."); *see also Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415 (Tex. 1995) ("Moreover, the surety does not owe a common-law duty of good faith and fair dealing to its principal."). The Indemnitors' claim of a breach of contract by the Surety is not cognizable under Texas law. The defense should thus be dismissed pursuant to Rule 12(b)(6).

C.  **Violations of the Texas Insurance Code**

18. "[T]he Texas Legislature did not intend to include suretyship as the 'business of insurance' for all purposes under the Insurance Code." *Great Am. Ins. Co.*, 908 S.W.2d at 420. "[T]he characteristics of suretyship are different from those of insurance. Insurance involves the

Action No. H-22-2212, 2023 U.S. Dist. LEXIS 233422, *7 (S.D. Tex. 2023) ("a surety need not have conducted a 'reasonable' investigation prior to a determination that claims should be settled or paid."); *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2019 U.S. Dist. LEXIS 68781, *25 (W.D. Tex. 2019) ("Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle claims without adjudication . . . .") (internal quotation omitted).

17. Moreover, there could not be a prior material breach by the Surety because there is no good faith and fair dealing requirement between the Indemnitors and the Surety. The Texas Supreme Court has held that there is no implied duty of good faith and fair dealing on a surety. *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 280 (Tex. 1998) ("We concluded in *Great American* that because these factors are not present in the relationship between surety and obligee, the duty of good faith and fair dealing should not apply. Because we likewise conclude that they are not present in the relationship between surety and principal, we also decline to extend the duty to this relationship."); *see also Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415 (Tex. 1995) ("Moreover, the surety does not owe a common-law duty of good faith and fair dealing to its principal."). The Indemnitors' claim of a breach of contract by the Surety is not cognizable under Texas law. The defense should thus be dismissed pursuant to Rule 12(b)(6).

C.  **Violations of the Texas Insurance Code**

18. "[T]he Texas Legislature did not intend to include suretyship as the 'business of insurance' for all purposes under the Insurance Code." *Great Am. Ins. Co.*, 908 S.W.2d at 420. "[T]he characteristics of suretyship are different from those of insurance. Insurance involves the

pooling and spreading of risk of the insureds, with no right of indemnity possessed by the insurer. Suretyship, on the other hand, allows a surety full rights of indemnity against its principal." *Id.* at 424 (citing *Commercial Standard Ins. Co. v. Ebner*, 149 Tex. 28, 228 S.W.2d 507, 509 (Tex. 1950)); *see also Dall. Fire Ins. Co. v. Tex. Contractors Sur. & Cas. Agency*, 159 S.W.3d 895 (Tex. 2004). Thus, sureties are not liable for purported violations of the Texas Insurance Code.

19. Importantly, and as briefed above, it is also impossible to determine what violations, if any, the Indemnitors are pointing to that would give rise to any cause of action. This, of course, goes to the reason why the counterclaim should be dismissed as a matter of law base of the failure of the Indemnitors to properly plead with the specificity required by the Federal Rules. Yet, even if the Court were to determine that the claim was properly pled, and even if the Court were to venture a guess as to conduct by the Surety that might run afoul of the Texas Insurance Code, the Code does not apply to sureties, particularly in the context of addressing a claim against its bond. As a result, this claim fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

D. **Duty of Good Faith and Fair Dealing**

20. The counterclaim for "breach of good faith and fair dealing" should also be dismissed for the reasons previously briefed. There is no duty of good faith and fair dealing for sureties as a matter of Texas law. *See CAT Contracting, Inc.*, 964 S.W.2d 276; *Great Am. Ins. Co.*, 908 S.W.2d 415; *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667 (Tex. 1998) ("The relationship between a surety and a principal, however, is not generally one of a fiduciary nature."); *Padron*, 2019 U.S. Dist. LEXIS 68781; *Travelers Cas. & Sur. Co. of Am. v. James*, Civil Action No. 3:15-CV-1999-N, 2016 U.S. Dist. LEXIS 195432, *17 (N.D. Tex. 2016). This claim fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

## V.
## REQUEST FOR RELIEF

For the foregoing reasons, Travelers Casualty and Surety Company of America, requests the Court dismiss the counterclaims of the Indemnitors pursuant to Rule 12(b)(6) based on their failure to plead with specificity, as well as the fact that the Indemnitors fail to state a claim. The Surety prays for such other and further relief, both at law and in equity, to which it may be justly entitled.

        Respectfully submitted,

        **BAINS LAW PLLC**

By: */s/ Brandon K. Bains*
Brandon K. Bains – Attorney in Charge
State Bar No. 24050126
S.D. Texas Bar No. 711977
P.O. Box 559
Azle, TX 76098
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing has been served pursuant to Federal Rules of Civil Procedure upon the following counsel of record on this the 28th day of June, 2024:

    Minh-Tam (Tammy) Tran
**THE TAMMY TRAN LAW FIRM**
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
832-372-4403
ttran@tt-lawfirm.com
*Counsel for Defendants*

    */s/ Brandon K. Bains*
    Brandon K. Bains