IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>Plaintiff,<br><br>v.<br><br>PRCHOU, LLC; MUKADAS D. KURBAN; APAR PATAER; ABDUL R. DAWOOD; and MARIA E. DAWOOD<br>Defendants. | §§§§§§§§§§§ | CIVIL ACTION NO. 24-796 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST TO ABATE AND BRIEF IN SUPPORT

Plaintiff, Travelers Casualty and Surety Company of America (the "Surety"), files this its Response in Opposition the Request to Abate[1] filed by Defendants, PRCHOU, LLC ("PRC"); Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, the "Indemnitors.") In support, the Surety respectfully states as follows:

## I.
## SUMMARY

1. The Surety filed suit to recover amounts owed to it by the Indemnitors pursuant to contractual promises of indemnity. In their answer, the Indemnitors assert that the "surety bond is the subject matter of the state action and this federal case. Thus, the two lawsuits involve the same parties, subject matter, and interests."[2] First, the Indemnitors fail to correctly interpret federal law regarding the propriety of a stay pending disposition of a state court action. Further, the

---

[1] This Response is filed out of an abundance of caution, as it is unclear if the Indemnitors have actually properly filed a Motion for consideration. Specifically, the reference to an abatement is simply embedded in the Answer, and moreover, it does not appear that the Indemnitors have followed any of the Court's procedures in connection with the request – including a conference with the Surety on the relief requested.

[2] Dkt. 14, pg. 2

**RESPONSE IN OPPOSITION TO REQUEST TO ABATE**                                                                                                    **PAGE 1**

Indemnitors do not assert <u>any</u> correct facts that would support their position; rather, they simply allege that the two causes of action are the same. This is insufficient under federal law, and the Indemnitors request to abate should be denied on this basis alone.

2. Indeed, the face of the pleadings in both the state court matter and this matter demonstrate facially the difference in parties, distinction of the issues, and the lack of any overlap in terms of evidence or proof. The present case involves the obligation of the Indemnitors to reimburse the Surety for losses suffered on its bonds, and as detailed in the *First Amended Complaint*,[3] as well as the indemnity agreement attached in support,[4] the Surety had an absolute right to settle claims. Moreover, and as addressed in the *Motion to Dismiss Counterclaims*,[5] there is no duty of good faith and fair dealing for sureties in Texas, and there is no colorable argument that the Indemnitors do not have an obligation of reimbursement simply because they disagree with how the Surety handled a claim against its bonds – this is particularly true given that the Indemnitors are in default of the indemnity agreement by not providing collateral as demanded.[6]

3. As a result, it is irrelevant what happens in PRC's suit against the Metropolitan Transit Authority of Harris County ("METRO") – no outcome in that suit would impact whether there is an obligation to indemnify the Surety. Accordingly, an abatement would only delay resolution of this suit, and the Indemnitors offer no basis for that outcome. Accordingly, the request to abate should be denied by the Court.

---

[3] Dkt. 15

[4] Dkt. 15-1

[5] Dkt. 16

[6] *See* Dkt. 15, ¶ 18; *see also* Dkt. 15-1, ¶ 1 (definition of default); Dkt. 15-3 (notice of default)

**RESPONSE IN OPPOSITION TO REQUEST TO ABATE**　　　　　　　　　　　　　　　　　　　　　　　　**PAGE 2**

## III.
## THE COURT'S PROCEDURES

4. In accordance with Section VII(B) of the Court's Procedures, the suit is currently in the initial pleading stage. The Surety filed a *First Amended Complaint* today pursuant to Rule 15. It is expected that an *Amended Answer* will follow within the next 14 days per the Rules. The Surety also filed today a *Motion to Dismiss Counterclaims* pursuant to Rule 12(b)(6). The nature of the suit is to enforce promises of indemnity and recover actual damages incurred.

5. The issue to be ruled upon by the Court is whether an abatement is required because of an unrelated suit involving different parties and different issues, which is viewed through the lens of abuse of discretion. *Hytken Family Ltd. v. Schaefer*, No. G-05-563, 2006 U.S. Dist. LEXIS 37462 (S.D. Tex. 2006) (citing *Exxon Corp. v. St. Paul Fire and Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)).

## III.
## ARGUMENTS AND AUTHORITIES

**A.      Standard for Abatement**

6. In order for a court to consider the propriety of a stay pending disposition of state court actions, "the federal and state cases must be parallel, meaning that they involve the same parties and the same issues." *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997) (distinguishing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (where the two actions involved the same insurance coverage issues and the same parties), and citing *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services*, Inc., 903 F.2d 352, 360 (5th Cir. 1990) (internal citations omitted). In addition, a stay or abatement is only "justified by exceptional circumstances." *U.S. Bank Tr. Nat'l Ass'n v. Kingman Holdings*

*LLC*, Civil Action No. 4:23-cv-597-ALM-KPJ, 2024 U.S. Dist. LEXIS 20578, at *13 (E.D. Tex. 2024) (quoting *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014)).

7. In *Exxon*, the underlying state court proceedings were strictly personal injury actions to which the insurance company was not a party. *Id*. The court further noted that there were no parallel state court proceedings where the issues of coverage, policy interpretation, and bad faith were being litigated. *Id*. Consequently, the *Exxon* court concluded that the federal court was "well within its discretion in refusing to stay the instant proceedings." *Id*.

8. Another case cited by Indemnitors is *Hartford Accident*, a case involving a federal *Burnside* claim and a state subrogation claim based on an injury to a maritime dock worker.[7] *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs*., 903 F.2d 352, 360 (5th Cir. 1990). The holding in *Hartford Accident* similarly does not support the Indemnitors' position. That court acknowledged that the propriety of a stay pending disposition of state court action is based on whether the federal and states cases are "parallel," and "involve[e] the same parties and the same issues." *Id*. at 360 (citing *RepublicBank, Dallas, Nat'l Assoc. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *PPG Indus., Inc. v. Continental Oil Co*., 478 F.2d 674, 682 (5th Cir. 1973)).

9. The *Hartford Accident* court noted that "although both cases involve the same underlying episode and entail significant overlapping proof, they concern independent wrongs." *Id*.; *see also Hytken,* 2006 U.S. Dist. LEXIS 37462, *4-5 ("Recognizing that the two causes of action involve substantially the same facts, there are differences. The underlying state court action in this case involves different parties. Plaintiff did not bring the state court petition, and the

---

[7] The Indemnitors also cite *Mendiola v. Hart*, 561 F.2d 1207 (5th Cir. 1977). *Mendiola* is inapplicable, as it simply addressed that the district court was not authorized to dismiss the action, and further distinguished it from a situation where the district court would have had discretion to stay, but not dismiss the proceedings, in a situation that involved the same parties and issues in simultaneously pending actions.

defendants in the two causes of action are different. Furthermore, the federal and state complaints are not identical. Given these differences, a stay would be inappropriate.").

10. "In considering whether to grant a stay, the Court weighs several 'competing interests which will be affected by the granting or refusal to grant a stay.'" *Liberty Mut. Ins. Co. v. Integrated Pro Servs., LLC*, No. 14-1418, 2019 U.S. Dist. LEXIS 68552, at *5-6 (E.D. La. 2019) (internal quotations omitted). "These competing interests include the following: (1) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay; (2) the possible damage which may result from the granting of stay; and (3) the hardship or inequity which a party may suffer in being required to go forward." *Id.* As briefed herein, nothing in the outcome of the PRC v. METRO suit would impact the claims in this suit, and as such, an abatement would result in damage to the Surety by having to wait to prosecute its claim, and would result in a continued hardship in the form of not receiving the benefit of the indemnity promises by the Indemnitors.

**B.    Different Issues**

11. Despite Indemnitors' conclusory claim that the "surety bond is the subject matter of the state action and this federal case,"[8] the surety bond at issue here is in no way the subject matter of the state action. In this case, as in *Exxon*, the state court proceedings referred to by the Indemnitors strictly involve a breach of contract claim against METRO, with a request for specific performance and damages based on the breach of contract claim.[9] In response to that pleading, METRO has asserted a general denial, as well as a host of affirmative defenses, including

---

[8] Dkt. 14, pg. 2

[9] *See* Ex. 1 – *Plaintiff's Verified Original Petition*, Cause No. 2024-12963; 133rd Harris County District Court

**RESPONSE IN OPPOSITION TO REQUEST TO ABATE**                                                                                               **PAGE 5**

governmental immunity, lack of subject matter jurisdiction, unclean hands, 'in pari delicto,' and prior material breach by PRC.[10]

12. There only claim at issue in this suit is the Indemnitors breach of the indemnity agreement and the damages owed to the Surety. As noted, the Fifth Circuit has found that abatement is not appropriate even if the cases "involve the same underlying episode and entail significant overlapping proof, [but] concern independent wrongs." *Hartford Accident*, 903 F.2d at 360. Here, the disparity is even wider. While there is the construction of a project for METRO that is a background fact in both cases, that is where the overlap ends. The question for this Court (which will ultimately the presented via a dispositive motion) is whether the Indemnitors have an obligation of reimbursement pursuant to a contractual agreement of indemnity, which are routinely enforced by courts throughout Texas. *See Ford v. Aetna Insurance Co.*, 394 S.W.2d 693, 698 (Tex. Civ. App.—Corpus Christi 1965, writ ref'dn.r.e.); *English v. Century Indemnity Company*, 342 S.W.2d 366, 369 (Tex. Civ. App.—San Antonio 1961, no writ); *Safeco Ins. Co. v. Gaubert*, 829 S.W.2d 274 (Tex. App.—Dallas 1992, writ denied).

13. As part of that analysis, the Court will look to the various provisions of the indemnity agreement, including the Surety's right to settle,[11] the prima facie evidence clause,[12] and the extent to which the Indemnitors were in default based on a failure to honor the terms of

---

[10] *See* Ex. 2 – *Defendant's Original Answer, Plead to the Jurisdiction, and Affirmative Defenses*, Cause No. 2024-12963; 133rd Harris County District Court

[11] *See Old Republic Surety Co. v. Palmer*, 5 S.W.3d 357 (Tex. App.—Texarkana 1999, no pet. h.); s*ee also Cont'l Cas. Co. v. Paredes*, No. 98-CV-1595-G, 2000 U.S. Dist. Lexis 375 at *17 (N.D. Tex. Jan. 7, 2000), *aff'd*, 250 F.3d 743 (5th Cir. 2001).

[12] *See* Phillip L. Bruner & Patrick J. O'Connor, Jr., BRUNER & O'CONNOR ON CONSTRUCTION LAW, Vol. 3, §10:105 (2002); 2 ROBERT FRANK CUSHMAN, CONSTRUCTION LAW HANDBOOK §37.08 (1999) ("With a prima facie evidence clause, a surety's indemnity case is suited for summary judgment especially when the surety includes supporting documents, such as affidavits, that help to support the motion."); *e.g.*, *Fid. & Deposit Co. of Maryland v. Tri-Lam Co., Inc.*, No. SA-06-CA-207-XR, 2007 U.S. Dist. LEXIS 35439, *14 (W.D. Tex. May 15, 2007); *see also Ford*, 394 S.W. 2d 693.

**RESPONSE IN OPPOSITION TO REQUEST TO ABATE**                                                                                               **PAGE 6**

the agreement (including addressing the Sureties request for collateral).[13] None of those issues are involved in PRC's state court suit against METRO.

14. The same can be said with respect to the lack of applicability to any of the claims in the state court case for this matter. The extent to which METRO did or did not breach its contract is irrelevant to the obligations of the Indemnitors under the indemnity agreement. Even if the Indemnitors are successful on that claim and recover damages, it does not impact whether the Surety had a right to settle, nor their obligations of reimbursement.

15. The actions in this case and the state action concern completely independent wrongs. Accordingly, the request to abate should be denied on this basis alone.

**C.  Different Parties**

16. In addition, the parties to this action and the state court action are different. In PRC's suit against METRO, those are the only two parties.[14] Here, (and despite the attempt to minimize the liability of co-defendants by stating in a footnote that the "other co-defendants are 'only' guarantors"),[15] the parties in this federal action include the Surety, PRC, and each of the individual signatories to the indemnity agreement at issue: Mukadas D. Kurban, Apar Pataer, Abdul R. Dawood, and Maria E. Dawood.

17. These co-defendants are not parties to the breach of contract suit against METRO, and moreover, are not even necessary or permissive parties to the breach of contract suit against METRO. None of the individual Indemnitors in this suit are signatories to the contract between

---

[13] *See* Dkt. 15, ¶ 18; *see also* Dkt. 15-1, ¶ 1 (definition of default); Dkt. 15-3 (notice of default)

[14] The Indemnitors claim that they are "in the process of bringing Plaintiff Surety into the 133rd District Court" is immaterial and irrelevant. Dkt. 14, page 2. Threatening to add a party to a separate state court action in order to bolster a motion to abate in a federal action does not defeat the requirement that the parties in both actions must be the same (since the other individual Indemnitors are also not party to the contract at issue in the state court action).

[15] Dkt. 14, page 2

PRC and METRO. By contrast, each of the individuals in this case are jointly and severally liable for the damages incurred by the Surety.

18. This federal action and the state action are not parallel in that they do not involve the same parties and the two cases do not involve the same causes of action. The Indemnitors have thus failed to plead sufficient facts to allege a plausible entitlement to relief. Accordingly, this Court should deny the request to abate on this basis as well.

## IV.
## REQUEST FOR RELIEF

For the foregoing reasons, Travelers Casualty and Surety Company of America, requests the court deny the request to abate. The Surety further requests any and such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**BAINS LAW PLLC**

By: */s/ Brandon K. Bains*
Brandon K. Bains – Attorney in Charge
State Bar No. 24050126
S.D. Texas Bar No. 711977
P.O. Box 559
Azle, TX 76098
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing has been served pursuant to Federal Rules of Civil Procedure upon the following counsel of record on this the 28th day of June, 2024:

Minh-Tam (Tammy) Tran
**THE TAMMY TRAN LAW FIRM**
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
832-372-4403
ttran@tt-lawfirm.com
***Counsel for Defendants***

                                                */s/ Brandon K. Bains*
                                                Brandon K. Bains