3/25/2024 2:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 85927167
By: Regina Anders
Filed: 3/25/2024 2:43 PM

CAUSE NO. 2024-12963

| | | |
|---|---|---|
| PRCHOU LLC, D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON, | § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS | § § § § § | |
| *Defendant.* | § § | 133rd DISTRICT COURT |

### DEFENDANT'S ORIGINAL ANSWER, PLEA TO THE JURISDICTION, AND AFFIRMATIVE DEFENSES

Defendant Metropolitan Transit Authority of Harris County, Texas ("METRO") files this original answer to Plaintiff PRCHOU LLC, d/b/a Premier Regional Construction Houston's ("Plaintiff" or "PRCHOU") original petition (the "Petition"), and in support would respectfully show as follows:

### I.   FACTUAL BACKGROUND

1. PRCHOU paints a story of a hard-working company and its diligent owner, wrongfully replaced as part of a METRO conspiracy to utilize a different vendor. But this story is a fabrication, concocted by a failed vendor after the fact to justify its woefully inadequate performance.

2. PRCHOU breached its duties and obligations under not only its contract with METRO, but also with its subcontractors and sureties. PRCHOU's breaches have led to multiple lawsuits filed against it. But this is PRCHOU's own fault—not METRO's.

3. PRCHOU is correct, however, in that problems with its performance began almost immediately after the consummation of its contract with METRO. PRCHOU failed to provide compliant scheduling, complete work timely, and maintain public safety. These breaches—and others—resulted in METRO sending non-conformance reports as early as August 2022.

4. Despite METRO's early and frequent feedback, PRCHOU failed to cure. METRO issued its first Letter of Concern to PRCHOU on or about November 28, 2022, expressing METRO's concern regarding scheduling and period of performance.

5. PRCHOU again failed to address METRO's concerns.

6. METRO subsequently issued Cure Notices on or about February 7, 2023 and February 13, 2023 for ongoing scheduling issues and defective work. Public safety in particular was an ongoing concern, as Plaintiff failed to maintain pedestrian access and traffic protection, resulting in a safety shutdown in March 2023. This shutdown was caused by PRCHOU's failure to provide necessary signage, flaggers, police officers, and detours as required by Contract specifications.

7. In addition to these ongoing performance, safety, and scheduling issues, PRCHOU had continued compliance issues related to its usage and payment of subcontractors. PRCHOU tries to excuse these serious failings by attempting to depict itself as a wronged small business—but being a small business is not an excuse for failing to comply with the reporting and payment requirements related to subcontractors under the Contract and METRO policy. PRCHOU's reticence to report subcontractor participating *hurt* Houston small businesses.

8. Incomplete and deficient work, late or non-existent payments to subcontractors, failure to comply with METRO's Small Business Program, and improper scheduling were all defaults attributable to PRCHOU. These defaults resulted in METRO's termination of the Contract

on or about May 5, 2023. Critically, when METRO terminated the Contract, PRCHOU had already abandoned the worksite, leaving it unsecured and a direct threat to public health and safety.

9. PRCHOU failed in every aspect of its performance. Despite its numerous failures, METRO worked with PRCHOU for over a year to provide PRCHOU with opportunity after opportunity to remedy its many mistakes. Ultimately, METRO was required to conduct not one, but two, formal procurements to continue the project. PRCHOU—not METRO—is responsible for the delay, expense, and safety issues caused by its non-performance.

## II. PLEA TO THE JURISDICTION

1. METRO is a governmental entity entitled to governmental immunity, absent an express waiver of that immunity. *See Metro. Transit Auth. of Harris Cnty. v. Douglas,* 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also Kosoco, Inc. v. Metro. Transit Auth. of Harris Cnty.*, No. 01-14-00515-CV, 2015 WL 4966880, at *6 (Tex. App.—Houston [1st Dist.] Aug. 20, 2015, no pet.) (mem. op) (acknowledging that METRO is a governmental entity). Governmental immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

2. Governmental immunity deprives the trial court of subject-matter jurisdiction unless the governmental entity consents to suit or immunity is waived. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). A movant may file a plea to the jurisdiction on any ground over which it claims the Court has no subject-matter jurisdiction. *See City of Austin v. L. S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet.); *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254 (Tex. App.—San Antonio 1999, pet. denied); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).

3. The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction and must show that immunity has been waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Tex. Parks & Wildlife Dep't*, 972 S.W.2d at 140, 142-143. In deciding a plea to the jurisdiction, the Court must not weigh the merits of the claim, but should consider only the plaintiff's pleadings and evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

4. Accordingly, METRO respectfully requests that judgment be entered dismissing Plaintiff's claims against METRO for lack of subject-matter jurisdiction, and granting METRO such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

### III. GENERAL DENIAL

1. Subject to and without waiver of METRO's plea to the jurisdiction, METRO generally denies each and every allegation contained in Plaintiff's Petition and demands strict proof thereof pursuant to the Constitution of the State of Texas and in accordance with Rule 92 of the Texas Rules of Civil Procedure.

### IV. AFFIRMATIVE DEFENSES

Subject to and without waiver of METRO's plea to the jurisdiction, pleading further and in the alternative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, METRO asserts for further answer the following defenses and affirmative defenses:

1. METRO is entitled to governmental immunity.

2. The Court lacks subject matter jurisdiction over Plaintiff's claims against METRO.

3. METRO affirmatively pleads its entitlement to all statutory limitations on liability, including pursuant to Chapter 271 of the Texas Local Government Code.

4. METRO asserts that the damages and injuries alleged by Plaintiff were legally and proximately caused, as a whole or in part, by the negligence, fault, and other culpable conduct of Plaintiff.[1]

5. METRO asserts that the damages and injuries alleged by Plaintiff were legally and proximately caused, as a whole or in part, by the negligence, fault, and other culpable conduct of persons or parties over whom METRO had no control, including but not limited to parties that may be designated responsible third parties by order of this Court.

6. Any claims Plaintiff may have for damages are subject to offset.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. METRO asserts the affirmative defense of 'in pari delicto' as the Plaintiff's own actions or omissions contributed to or caused the situation from which the alleged damages arise.

9. Plaintiff failed to satisfy all conditions precedent.

10. Plaintiff's claims are barred due to prior material breach.

11. Plaintiff's claims are barred because of Plaintiff' anticipatory breach of the Contract.

12. METRO was excused from performing under the Contract because Plaintiff breached the contract first by repudiating its obligations by indicating it would not perform under the terms of the Contract. Specifically, Plaintiff breached its obligations under the Contract by its continued performance deficiencies.

---

[1] On March 4, 2024, Travelers Casualty and Surety of America filed an action in the United States District Court for the Southern District of Texas (Case No.4:24-cv-00796) against PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood. This action follows from METRO's making a claim on Plaintiff's surety bond following METRO's termination of Plaintiff's contract due to Plaintiff's numerous defaults and failures to cure.

13. METRO was justified in the alleged conduct, and Plaintiff's claims are therefore barred.

14. The Petition fails to state a claim upon which relief may be granted, in whole or in part.

15. Plaintiff is not entitled to specific performance.

16. Plaintiff's claims are barred by repudiation.

17. Plaintiff's claims are barred due to waiver.

18. Plaintiff's claims are barred due to laches.

19. Plaintiff failed to mitigate its damages.

20. Plaintiff fails to plead facts showing its entitlement to damages.

21. All or part of the damages requested by Plaintiff are unavailable as a matter of law.

22. METRO denies that Plaintiff is entitled to attorneys' fees.

23. METRO reserves the right to assert any additional affirmative defenses or claims of avoidances as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

## V. PRAYER

For the reasons set forth herein, METRO respectfully requests that Plaintiff take nothing by way of its claims, that Plaintiff's claims be dismissed with prejudice, and for all relief at law or in equity to which METRO may be entitled.

Respectfully submitted,

By:    */s/ Ben Stephens*
      Rick Anderson
      State Bar No. 24059047
      Rick.Anderson@huschblackwell.com
      Sandy Hellums-Gomez
      State Bar No. 24036750
      Sandy.Gomez@huschblackwell.com
      Ben Stephens
      State Bar No. 24098472
      Ben.Stephens@huschblackwell.com

HUSCH BLACKWELL LLP
600 Travis, Suite 2350
Houston, Texas 77002
Telephone:   (713) 647-6800
Facsimile:    (713) 647-6884

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I certify that on the 25th day of March, 2024, a true and correct copy of the foregoing document was served by filing with the e-filing system of the Court, which included the email address for the parties' counsel of record.

                                                            */s/ Ben Stephens*  
                                                            Ben Stephens

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carmen Garcia on behalf of Benjamin Stephens
Bar No. 24098472
carmen.garcia@huschblackwell.com
Envelope ID: 85927167
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer, Plea to the Jurisdiction, and Affirmative Defenses
Status as of 3/25/2024 3:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Tammy Tran | | ttran@tt-lawfirm.com | 3/25/2024 2:43:12 PM | SENT |
| Lloyd Kelley | 11203180 | kelley@lloydekelley.com | 3/25/2024 2:43:12 PM | SENT |
| Vincent Lam | | vhlam@tt-lawfirm.com | 3/25/2024 2:43:12 PM | SENT |
| Kelly Pham | | upham@tt-lawfirm.com | 3/25/2024 2:43:12 PM | SENT |
| Cactus JackCagle | | jack@judgecagle.com | 3/25/2024 2:43:12 PM | SENT |
| Courtney Cagle | | courtney@judgecagle.com | 3/25/2024 2:43:12 PM | SENT |
| Lizbeth Ascensio | | lascencio@tt-lawfirm.com | 3/25/2024 2:43:12 PM | SENT |
| HBHouston ED-CourtFilings | | HBHoustonED-courtfilings@huschblackwell.com | 3/25/2024 2:43:12 PM | SENT |
| Rick Anderson | | rick.anderson@huschblackwell.com | 3/25/2024 2:43:12 PM | SENT |
| Sandy HellumsGomez | | sandy.gomez@huschblackwell.com | 3/25/2024 2:43:12 PM | SENT |
| Benjamin Stephens | | Ben.Stephens@HuschBlackwell.com | 3/25/2024 2:43:12 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk