# In the United States District Court
# For the Southern District of Texas
# Houston Division

**Travelers Casualty and Surety Company of America,**
Plaintiff,

v.

**PRCHOU, LLC, Mukadas D. Kurban, Apar Pataer, Abdul R. Dawood, and Maria E. Dawood**
Defendants.

Case No. 4:24-cv-00796

### Defendants Abdul Dawood and Maria Dawood's Original Answer

Defendants Abdul R. Dawood and Maria E. Dawood (collectively, the "Dawoods") hereby file this Original Answer to Plaintiff Travelers Casualty and Surety Company of America's First Amended Complaint.

### Response to Allegations

1. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

2. The Dawoods admit the allegations in this paragraph.

3. The Dawoods admit the allegations in this paragraph.

4. The Dawoods admit the allegations in this paragraph.

5. The Dawoods admit the allegations in this paragraph.

6. The Dawoods admit the allegations in this paragraph.

7. This paragraph is a legal conclusion that is not a statement of fact susceptible to admission or denial.

8. This paragraph is a legal conclusion that is not a statement of fact susceptible to admission or denial.

9. The Dawoods admit the allegations in this paragraph.

10. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

11. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

12. This paragraph is a legal conclusion that is not a statement of fact susceptible to admission or denial.

13. The Dawoods lack sufficient information to admit or deny allegations concerning Plaintiff's state of mind or on what Plaintff relied. The Dawoods otherwise admit the allegations of this paragraph.

14. The Dawoods admit the allegations in this paragraph.

15. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

16. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

17. The Dawoods deny that any demand for collateral was made in accordance with the Indemnity Agreement. The Dawoods otherwise admit the allegations of this paragraph.

18. The Dawoods deny that they had or have any obligation to provide collateral to Plaintiff. The Dawoods lack sufficient information to admit or deny actions by other Indemnitors. The Dawoods otherwise admit the allegations of this paragraph.

19. The Dawoods deny that any default of the Indemnity Agreement occurred. The Dawoods otherwise admit the allegations of this paragraph.

20. The Dawoods deny the allegations in this paragraph.

21. The Dawoods lack sufficient information to admit or deny the allegations in this paragraph.

22. The Dawoods deny the allegations in this paragraph.

23. The Dawoods deny the allegations in this paragraph.

24. The Dawoods deny the allegations in this paragraph.

25. The Dawoods deny the allegations in this paragraph.

26. The Dawoods deny the allegations in this paragraph.

27. The Dawoods deny the allegations in this paragraph.

28. The Dawoods deny the allegations in this paragraph.

29. The Dawoods deny the allegations of this paragraph. Specifically, they deny that Plaintiff suffered a Loss by making a reasonable, proper, or contractually-indemnifiable payment to any third party.

30. This paragraph does not contain a factual allegation capable of admission or denial.

31. The Dawoods deny the allegations in this paragraph.

32. This paragraph does not contain a factual allegation capable of admission or denial.

33. The Dawoods deny the allegations in this paragraph.

34. The Dawoods deny the allegations in this paragraph.

## Affirmative Defenses

35. Plaintiffs' claims are barred because any payments made under the Bonds were unreasonable.

36. Plaintiffs' claims are barred because Plaintiffs were not liable under the underlying Bonds.

37. Plaintiffs' claims are barred because of lack of good faith and fair dealing.

38. Plaintiffs' claims are barred because of Plaintiffs' negligence and unreasonable conduct.

39. Plaintiffs' claims are barred because of failure to mitigate damages

40. Plaintiffs' claims are barred because of fraud.

41. Plaintiffs' claims are barred because of unclean hands and failure to act equitably.

## Jury Demand

42. Defendant demands a trial by jury on all issues so triable.

## Prayer

The Dawoods pray that the Court enter a take nothing judgment on Plaintiff's claims and award the Dawoods all legal and equitable relief to which they are entitled, including, without limitation, damages, pre-judgment interest, post-judgment interest, costs, and attorneys' fees permitted by law or contract.

Respectfully Submitted,

**Meade Neese & Barr LLP**

*/s/ D. John Neese, Jr.*
D. John Neese, Jr.
Texas Bar No. 24002678
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
(713) 355-1200
jneese@mnbllp.com
sharen@mnbllp.com

**Attorneys for Defendants
Abdul R. Dawood and
Maria E. Dawood**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by electronic service on July 19, 2024.

*/s/ D. John Neese, Jr.*
D. John Neese, Jr.