IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 24-796 |
| | § | |
| PRCHOU, LLC; MUKADAS D. KURBAN; | § | |
| APAR PATAER; ABDUL R. DAWOOD; | § | |
| and MARIA E. DAWOOD | § | |
|     Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff, Travelers Casualty and Surety Company of America (the "Surety"), and Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, "Indemnitors"), file this their Joint Discovery/Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**The Parties conferred via e-mail on September 20, 2024, and included Brandon Bains, counsel for the Surety, and John Neese and Tammy Tran, counsel for the Indemnitors.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**The Indemnitors assert: Cause No. 202412963;** *PRCHOU LLC (d/b/a Premier Regional Construction) v. Metropolitan Transit Authority of Harris County*; **In the 133rd Judicial District Court of Harris County, Texas. The Surety does not believe this is a related case that otherwise impacts resolution of the claims asserted by the Surety. The Indemnitors respectfully disagreed and wish that both sides can mediate this case.**

3. Briefly describe what this case is about.

The Surety sued the Indemnitors to enforce contractual promises of indemnity. The Indemnitors have denied liability and have asserted various affirmative defenses. The Surety has a pending Motion to Strike Affirmative Defenses.

The Indemnitors have filed their Motion to Abate [Dkt. 14] on June 10, 2024 and the Indemnitors have requested that this case be abated until after their related lawsuit against the Metropolitan Transit Authority of Harris County ("Metro") has been litigated to completion. The style of the case is *PRCHOU LLC (D/B/A Premier Regional Construction Houston) v. Metropolitan Transit Authority of Harris* County; Cause No. 2024-12963; in the 133rd Judicial District Court of Harris County, Texas. The Indemnitors have evidence showing the Surety knew very well that METRO breached the contract with *PRCHOU LLC*, and METRO is not entitled to $2,866,884.78 of the bond. The lawsuit brought by the Principal Defendant against METRO is ongoing. The indemnitors assert that The Surety hastily made payment to METRO and turned over suing the Indemnitors is wrong, and it is a breach of good faith and fair dealing.

The Surety asserts the Motion to Abate was withdrawn/superseded by the filing of an Amended Answer by the Indemnitors [Dkts. 19 and 20]. In addition, and for the reasons briefed by the Surety, an abatement is improper. *See* Dkt. 17.

The Motion to Abate was not intended withdrawn/superseded. The Indemnitors shall refile.

4. Specify the allegation of federal jurisdiction.

**Diversity**

5. Name the parties who disagree and the reasons.

**None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None.**

7. List anticipated interventions.

**None.**

8. Describe class−action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The Parties will make initial disclosures on or before October 4, 2023.**

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

**The Parties do not believe any changes should be made to disclosures required under Rule 26(a). The Parties also believe that limited discovery will be required based on the nature of the claims and defenses, and do not anticipate any issues with ESI or privilege. The Parties further do not believe that any limitations on discovery are required.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**The Surety may send targeted interrogatories to all Indemnitors depending on the extent to which defenses remain, and if so, would send by October 31, 2024.**

**The Indemnitors may send targeted interrogatories to the Surety by October 31, 2024.**

 C. When and to whom the defendant anticipates it may send interrogatories.

**The indemnitors may send interrogatories to the Surety by October 31, 2024.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**The Surety may elect to depose some or all of the Indemnitors depending on the extent to which defenses remain, and if so, would plan to complete these depositions by December 31, 2024.**

**Likewise, the Indemnitors will elect to depose the investigator of the Surety. See below.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**The Indemnitors will depose the Surety and Metro. Additionally, Indemnitors may also depose up to five employees and agents of the Surety and Metro – Indemnitors will complete this task once document productions are completed. Indemnitors would plan to complete the depositions by August 1, 2025.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Given the issues in the case (i.e., enforcement of an indemnity agreement), the Surety does not anticipate the need for testifying experts. If, however, expert testimony is required, the Surety would designate on or before March 30, 2025.**

**Likewise, if, however, expert testimony is required, the Surety would designate after the Surety designates its expert.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**As noted, the Surety does not anticipate that expert testimony will be part of this case.**

**Likewise, if, however, expert testimony is required, the Surety would designate after the Surety designates its expert.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

**Indemnitors will take the depositions of any experts designated by Surety by August 1, 2025.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

**None.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13. State the date the planned discovery can reasonably be completed.

**August 1, 2025**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The Parties are actively discussing the possibility of an early mediation, as well as an informal exchange of documents that would aid the settlement process.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The Surety has been in discussions with counsel for the Indemnitors since the filing of suit to explore options for settlement. Those discussions have continued, including the extent to which mediation in the coming weeks is possible.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that reasonably suitable.

**Mediation**

17. Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The Parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**Jury demand has been made by Defendants**

19. Specify the number of hours it will take to present the evidence in this case.

**20 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**The Surety's Motion to Strike Affirmative Defenses [Dkt. 25].**

**The Indemnitors' Motion to Abate [Dkt. 14]**

21. List other motions pending.

**None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**As stated above, the Indemnitors' Motion to Abate [Dkt. 14] was filed on June 10, 2024, requesting that this case be abated until after their related lawsuit against the Metropolitan Transit Authority of Harris County ("Metro") is litigated to completion. The related case is *PRCHOU LLC (D/B/A Premier Regional Construction Houston) v. Metropolitan Transit Authority of Harris County*, Cause No. 2024-12963, in the 133rd Judicial District Court of Harris County, Texas.**

**The Indemnitors submit that their obligation has not yet been triggered and is not ripe. The Surety is very well-aware that, through its own investigation and letters to METRO, it has determined that after METRO breached its contract with the Principal Defendant, METRO**

**inflated the alleged damages and is not entitled to $2,866,884.78 of the bond. The lawsuit brought by the Principal Defendant against METRO is ongoing.**

**The Parties will file their Disclosure of Interested Parties on or before September 27, 2024.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

                         **BAINS LAW PLLC**

By: /s/ *Brandon K. Bains*
    Brandon K. Bains – Attorney in Charge
    State Bar No. 24050126
    S.D. Texas Bar No. 711977
    P.O. Box 559
    Azle, TX 76098
    Telephone: (214) 494-8097
    brandon@bainslaw.com

    **ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

    **Meade Neese & Barr LLP**

By: /s/ *D. John Neese, Jr.*
    D. John Neese, Jr – Attorney in Charge
    State Bar No. 24002678
    S.D. Texas Bar No.
    2118 Smith Street
    Houston, TX 77002
    Telephone: (713) 355-1200
    jneese@mnbllp.com
    **ATTORNEY FOR ABDUL AND MARIA DAWOOD**

By: /s/ *Minh-Tam Tran*
    Minh-Tam (Tammy) Tran
    THE TAMMY TRAN LAW FIRM
    Texas Bar No. 20186400
    4900 Fournace Place, Suite 418
    Bellaire, Texas 77401
    Telephone: (832) 372-4403
    Email: ttran@tt-lawfirm.com
    www.tammytranlaw.net
    *COUNSEL FOR DEFENDANTS PRCHOU, LLC, MUKADAS D. KURBAN, and APAR PATAER*