IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-796 |
| PRCHOU, LLC; MUKADAS D. KURBAN; APAR PATAER; ABDUL R. DAWOOD; and MARIA E. DAWOOD<br>Defendants. | § | |

**MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF AND BRIEF IN SUPPORT**

Plaintiff, Travelers Casualty and Surety Company of America (the "Surety"), files this its Motion for Summary Judgment against Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, "Indemnitors"), pursuant to Rule 56, and in support, respectfully states as follows:

## I. SUMMARY

1. The Indemnitors executed a contractual agreement of indemnity, in which they agreed to indemnify the Surety against loss incurred under bonds issued on the construction company. The Surety ended up receiving a number of claims against its bonds – both by the owner tied to incomplete work of the construction company, as well as by subcontractors and suppliers who were not paid for labor and/or materials provided on the project. As a result of claims asserted against the bonds, the Surety incurred losses in excess of $1.9 million. Despite their promise, the Indemnitors have failed to honor their indemnity obligations and reimburse the Surety for the losses suffered on the bonds.

2. Texas law (and indeed, the law through the country) enforces indemnity promises as a matter of routine contract law. Moreover, the agreement at issue specified that the Surety had an ultimate right to settle claims against its bonds, and moreover, evidence of payments constitutes prima facie liability of the Indemnitors. These are standard clauses, and again, are routinely enforced by Texas courts. Importantly, these clauses also defeat the defenses asserted by the Indemnitors – all of which surround a general complaint that they disagree with the payments that were made. The law, however, precludes an indemnitor from this type of Monday-morning quarterback criticism. Moreover, the Surety previously filed a Motion to Strike all affirmative defenses,[1] which has unopposed,[2] and as such, should be granted on both procedural and substantive grounds.

3. Accordingly, summary judgment in favor of the Surety is proper, which necessarily includes the Court rejecting the defenses asserted by the Indemnitors.

## II.
## SUMMARY JUDGMENT EVIDENCE

4. In support of this Motion, and in addition to all pleadings on file, the Surety relies on the following summary judgment evidence attached hereto:

Exhibit 1: The Declaration of Timothy G. Snyder dated June 11, 2025, and accompanying exhibits.

[1] Dkt. 25

[2] *See* Dkt. 27

## III.
## UNDISPUTED FACTS

### A. The Indemnity Agreement and its Rights and Obligations

5. PRCHOU, LLC ("the Principal") approached the Surety to issue performance and payments bonds.[3] The Surety required indemnity prior to issuance of any bond.[4] This indemnity requirement was met by a *General Indemnity Agreement* in favor of the Surety, dated May 9, 2019 (the "Indemnity Agreement").[5]

6. The Indemnitors have an obligation under Paragraph 3 of the Indemnity Agreement to indemnify the Surety from loss:

> Indemnification and Hold Harmless: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.[6]

Additionally, Paragraph 3 of the Indemnity Agreement contained a "prima facie evidence" clause addressing liability of the Indemnitors.

7. Relying on this Indemnity Agreement, the Surety issued multiple performance and payment bonds on behalf of the Principal in favor of municipal owners in the Houston area (the "Bonds").[7] Following the issuance of the Bonds, the Principal was issued notices of default and/or termination.[8] The Surety also received claims against the Bonds by subcontractors and/or

---

[3] Ex. 1, ¶ 3

[4] *Id.*

[5] *Id.*, ¶ 4; *see also* Ex. 1-A

[6] *Id.*, ¶ 5; *see also* Ex. 1-A, ¶ 3

[7] *Id.*, ¶¶ 6-7; *see also* Ex. 1-B and 1-C

[8] *Id.*, ¶ 8

suppliers of the Principal who alleged that they were not paid by the Principal for labor and/or materials provided on the bonded projects.[9]

8. Based on the existence of the claims against its Bonds, the Surety has suffered losses under the Bonds of at least $1,907,367.33 as of June 5, 2025.[10] The Indemnitors have not repaid the losses suffered by the Surety.[11]

## IV.
## ARGUMENTS AND AUTHORITIES

### A. Summary Judgment Standard

9. A court should grant summary judgement when the pleadings and evidence demonstrate that a reasonable jury cannot find a dispute to a material fact. FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 251 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir.1998) (citing *Celotex,* 477 U.S. at 322-25). Once the moving party carries its initial burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991), and *Hill v. Kerr Cty.*, Civil Action No. SA-18-CV-897-XR, 2020 U.S. Dist. LEXIS 5044, at *7 (W.D. Tex. Jan. 13, 2020).

---

[9] *Id.*

[10] *Id.*, ¶ 12; *see also* Ex. 1-F

[11] *Id.*, ¶ 13

10. Summary judgment is appropriate when the only questions to be decided involve issues of law. If the non-moving party wishes to avoid summary judgment, the non-movant must prove that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). *Brooks v. Goettl*, No. A-05-CA-642 LY, 2006 U.S. Dist. LEXIS 89584, at *17 (W.D. Tex. Dec. 12, 2006). The non-movant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). The non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2727 (3d ed. 1998); *Celotex*, 477 U.S. at 324; *Wheeler v. BL Dev. Corp*., 415 F.3d 399, 402 (5th Cir. 2005).

11. "Rule 56 (c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 1592 (1968). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 974 (5th Cir. 1991). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *See Weber v. Roadway Express, Inc*., 199 F.3d 270, 272 (5th Cir. 2000).

**B. Texas Law Governs the Surety's Cause of Action**

12. "When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. Contract law is an area of state law." *Crisalli v. ARX Holding Corp.*, (No. 05-41016) 2006 U.S. App. LEXIS 24373 (5th Cir. 2006)

(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Accordingly, Texas law governs this breach of contract dispute.

13. The elements of a cause of action for contractual indemnity under Texas law are as follows: (1) a contractual indemnity agreement exists; (2) the agreement obligates defendants to indemnify the surety in the event claims are made on the bonds issued; (3) claims were made on the bonds issued; (4) all conditions precedent for recovery have occurred, been performed, waived or excused; and (5) the surety has been damaged. *See Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 719 (5th Cir. 1995).

**C. The Indemnitors Have a Contractual Obligation to Reimburse the Surety**

14. Indemnity agreements are read as any other contract under Texas law. *Associated Indemnity Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276 (Tex. 1998); *Safeco Ins. Co. v. Gaubert*, 829 S.W.2d 274 (Tex. App.—Dallas 1992, writ denied). Where the terms of a contract are clear and unambiguous, such as those in the *Indemnity Agreement* at issue in this case, its construction is solely a question of law which can be resolved by summary judgment. *Heritage Res., Inc. v. Nationsbank*, 939 S.W.2d 118 (Tex. 1996); *R&P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex. 1980).

15. Texas courts have consistently held that indemnity agreements are valid and enforceable obligations of the principal and indemnitors. *Ford v. Aetna Insurance Co.*, 394 S.W.2d 693, 698 (Tex. Civ. App.—Corpus Christi 1965, writ ref'dn.r.e.); *English v. Century Indemnity Company*, 342 S.W.2d 366, 369 (Tex. Civ. App.—San Antonio 1961, no writ) (indemnity agreements are not against public policy).

16. The Court in *English*, interpreting a similar form of indemnity agreement as executed by the Indemnitors, held:

> We are not here dealing with the common law principle to reimburse the surety for an amount paid upon the debt in which the liability of the principal is controlling, but with the liability under the express terms of an agreement of indemnity. . . . Such a contract is not against public policy, and "as the parties bind themselves," so shall they be bound.

*English* at 369 (cited with authority in *CAT Contracting*, 964 S.W.2d 276). Similarly, "the nature of [Indemnitors'] liability on the indemnity contract must be determined by its provisions, following the familiar maxim of the law that, as a man binds himself, so shall he be bound." *Cent. Sur. & Ins. Corp. v. Martin*, 224 S.W.2d 773, 776 (Tex. Civ. App.—Beaumont 1949, writ ref'd) (citing *Russell v. Lemmons*, 205 S.W.2d 629, 631 (Tex. Civ. App.—Amarillo 1947, writ ref'dn.r.e.)).

17. As in *English* and *Martin*, the Indemnitors contractually "bound" themselves to "exonerate, indemnify and save Company harmless from and against all Loss." By failing to indemnify the Surety, the Indemnitors breached the Indemnity Agreement. *See Safeco*, 829 S.W.2d at 281; *Liberty Steel Co. v. Guardian Title Co. of Houston, Inc.*, 713 S.W.2d 358, 360 (Tex. App.—Dallas 1986, no writ) (the general rules of contract construction are applicable to indemnity agreements). When there is a dispute involving an indemnity agreement, courts have consistently held that summary judgment is appropriate when the dispute involves an unambiguous contract. *See generally*, *Constitution State Ins. Co. v. Iso-Tex*, 61 F.3d 405 (5th Cir. 1995).

**D. The Surety has Performed All Conditions Precedent to Recovery**

18. The Surety affirmatively pled that all conditions precedent to recovery from the Indemnitors have occurred or been performed.[12] In their Answers, the Indemnitors have not specifically denied the existence of any conditions precedent.[13]

---

[12] Dkt. 1, ¶ 26

[13] *See* Dkts. 19 and 20

19. "When a plaintiff avers generally that all conditions precedent have been performed, he is required to prove the performance of only those conditions precedent specifically denied by the defendant." *Lidawi*, 112 S.W.3d at 729 n.1 (quoting *Trevino*, 651 S.W.2d at 11). "The effect of this rule is to shift the burden of pleading to the defendant, but not the burden of proof, when the plaintiff has made a general allegation that all conditions precedent have been performed." *Lidawi*, 112 S.W.3d at 729 n.1 (quoting *Trevino*, 651 S.W.2d at 11)." *See Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, 83 F. Supp. 3d 707, 729 (E.D. Tex. 2015).

20. A condition precedent must also be specifically identified and "when denying a condition precedent has occurred or been performed, a party must do so with particularity." *See EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 331 (5th Cir. 2012). Accordingly, to the extent that arguments and defenses raised by the Indemnitors attack a condition precedent to recovery (e.g., liability of the Surety, reasonableness of payments, etc.), these fail on a procedural basis as a threshold matter (and there are other independent reasons why they fail, which are briefed below).

### E. The Indemnity Agreement Overcomes the Defenses of the Indemnitors

21. As stated above, the Surety has filed a Motion to Strike all affirmative defenses, which has not been opposed. The Court can thus overrule application of these defenses as a matter of procedure. The defenses that have been asserted are

- Unreasonable Payments
- Not Liable Under the Bonds
- Lack of Good Faith and Fair Dealing
- Negligence and Unreasonable Conduct
- Failure to Mitigate Damages

- Claims are Barred Based on Fraud
- Unclean Hands and Failure to Act Equitable[14]

22. The defenses also fail on substantive grounds. The defenses all share the same premise: the Indemnitors disagree with the resolution of the Surety on claims against the Bonds. Besides being unsupported by evidence, the Indemnitors' defenses are overcome by three main principles: (1) a prima facie clause precludes litigating the types of issues the Indemnitors raises as their defenses; (2) the right-to-settle clause affords the Surety "sole discretion" in deciding to pay or settle bond claims; and (3) there is not a duty of good faith and fair dealing between the Indemnitors and the Surety as a matter of Texas law.

*i. Prima Facie Clause and Right to Settle Claims*

23. The Texarkana Court of Appeals summarized the following principles of Texas indemnity law:

a. "When a surety is granted the contractual right to settle a claim without a judicial determination of liability, that right will be enforced as written, and the principal will be bound to reimburse the surety for the amount it has paid in settlement." *CAT Contracting*, 964 S.W.2d at 282-85; *Gaubert*, 829 S.W.2d at 282.

b. "Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle claims without an adjudication." *CAT Contracting*, 964 S.W.2d at 285 (citing *Ford*, 394 S.W.2d 693).

c. "Where the surety is given the unqualified right to settle claims, it is immaterial whether the surety and its principal are legally liable on the bond." *Gaubert*, 829 S.W.2d at 282; *Ford*, 394 S.W.2d at 698.

d. "An unambiguous contractual right to indemnification on a settlement is absolute, unless the principal raises and proves an affirmative defense such as fraud." *Gaubert*, 829 S.W.2d at 282; *Ford*, 394 S.W.2d at 698.

---

[14] *See* Dkt. 19, ¶¶ 35-41 and Dkt. 20, ¶¶ 35-41

*Old Republic Surety Co. v. Palmer*, 5 S.W.3d 357 (Tex. App.—Texarkana 1999, no pet. h.); *see also Cont'l Cas. Co. v. Paredes*, No. 98-CV-1595-G, 2000 U.S. Dist. Lexis 375 at *17 (N.D. Tex. Jan. 7, 2000), *aff'd*, 250 F.3d 743 (5th Cir. 2001).

24. Bearing these principles in mind, the Indemnity Agreement provides a road map for granting the Surety's Motion for Summary Judgment. As an initial matter, the Surety has affirmatively pled that all conditions precedent to recovery from the Indemnitor has been satisfied. Among other provisions, the Indemnity Agreement provides as follows:

> **3. Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save [the Surety] harmless from and against all Loss. An itemized, sworn statement by an employee of [the Surety], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to [the Surety] shall be payable upon demand.
>
> **Claim Settlement**: [The Surety] shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against [the Surety] or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. [The Surety] shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

25. The evidence presented in this Motion by way of the Declaration of Timothy Snyder and the accompanying exhibits establishes the fact and the amount of the Indemnitor's liability. *See* 2 ROBERT FRANK CUSHMAN, CONSTRUCTION LAW HANDBOOK §37.08 (1999) ("With a prima facie evidence clause, a surety's indemnity case is suited for summary judgment especially when the surety includes supporting documents, such as affidavits, that help to support the motion."); *e.g.*, *Fid. & Deposit Co. of Maryland v. Tri-Lam Co., Inc.*, No. SA-06-CA-207-XR, 2007 U.S. Dist. LEXIS 35439, *14 (W.D. Tex. May 15, 2007); *see also Ford*, 394 S.W. 2d 693.

26. Application of the *prima facie* evidence clause is not uncommon. *Gaubert*, 829 S.W.2d at 282-83 ("The indemnity agreement provides that an itemized statement of loss and expense incurred by surety, sworn to by an officer of surety, shall be prima facie evidence of the fact and extent of the liability of [indemnitors] to surety in any claim or suit by surety against [indemnitors]. This provision is enforceable"); *see also United States Fire Ins. Co. v. Rey-Bach*, Inc., No. 3:02-CV-2133-K, 2004 U.S. Dist. LEXIS 16237 (N.D. Tex. 2004); *Merchs. Bonding Co. v. Gandler-Snider Eng'r. Co.*, No. 3:98-CV-0499-BC, 1999 U.S. Dist. LEXIS 11172 (N.D. Tex. 1999).

27. The *prima facie* evidence clause confirms the liability of the Indemnitor and is designed so that sureties may avoid lengthy litigation in enforcing the indemnity promises. *See* Phillip L. Bruner & Patrick J. O'Connor, Jr., Bruner & O'Connor on Construction Law, Vol. 3, §10:105 (2002).

*ii. The Surety's Settlement and Payment of Claims – Negligence and/or Fraud*

28. Although the defense of fraud should fail on a procedural basis as stated above, the defense of fraud also should fail based on substantive law. In their Answers, the Indemnitors allege merely that "Plaintiffs' claims are barred by fraud." The Indemnitors do not plead facts to support that assertion It is well settled Texas law that the nature of an indemnitor's liability upon an indemnity contract must be determined by the provisions of the contract. *Engbrock v. Fed. Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967); *United States Fid. & Guar. v. Jones*, 87 F.2d 346, 347 (5th Cir. 1937); *Central Sur. & Ins. Corp. v. Martin*, Tex.Civ.App., 224 S.W.2d 773, 776 (Beaumont -- 1949), error ref'd. Thus, we must turn to the Indemnity Agreement at issue which contained both a prima facie evidence clause and a right to settle, where the Surety's determination shall be final, conclusive and binding upon the Indemnitors.

29. Such provisions have been upheld and are not against public policy. *Engbrock v. Fed. Ins. Co*., 370 F.2d 784, 786 (5th Cir. 1967); s*ee, e.g., Ford v. Aetna Ins. Co*., Tex.Civ.App., 394 S.W.2d 693 (Corpus Christi -- 1965), n.r.e.; *Fidelity & Cas. Co. of New York v. Harrison*, Tex.Civ.App., 274 S.W. 1002, 1004 (Fort Worth -- 1925), error ref'd. The accepted rationale is that "the expense, delay, trouble, and risk of loss to the guarantee company is a sufficient safeguard against an unwarranted payment." *Engbrock v. Fed. Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967).

30. Even when a good faith modifier is included in an indemnity agreement (which is not even the case here), a surety still has full discretion and this is "limited only by the bounds of fraud." *Associated Indem. Corp. v. CAT Contracting*, 964 S.W.2d 276, 284 (Tex. 1998) (applying Martin, 224 S.W.2d at 777). Allegations of unreasonable conduct, negligence, "or even gross negligence" do not indicate a lack of good faith. *Id*. at 285. In the context of a surety settling or paying claims, fraud is shown by proof of the surety's improper motive or willful ignorance. *CAT Contracting*, 964 S.W.2d at 285; *see Hanover Ins. Co. v. Hudak & Dawson Constr*., 946 F. Supp. 2d 1208, 1220 (N.D. Ala. 2013); *Great Am. Ins. Co. v. McElwee Bros, Inc*., No. 03-2793, No. 2007 WL 861152, at *5 (E.D. La. Mar. 19, 2007) (citations omitted). Bad judgment, negligence, and a lack of diligence is not fraud; there must instead be a showing of conscious doing of wrong based on a dishonest purpose or moral obliquity. *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 585 (M.D. Pa. 1998). That a surety pays or settles a claim to protect its own interests is also not fraud. *Id.*; M. Michael Egan, Jr. et. al, The Indemnity Agreement and the Handling of Surety Claims, in THE SURETY'S INDEMNITY AGREEMENT: LAW AND PRACTICE, 338.

31. The Indemnitor's scant response does not reveal a conscious doing of wrong based on a dishonest purpose or moral obliquity by the Surety. As such, the Indemnitor's allegations of negligence are simply insufficient to overcome the Surety's contractual right to in its discretion

settle bond claims. *See Hudak & Dawson Constr.*, 946 F. Supp. 2d at 1220; *Great Am. Ins. Co.*, 2007 WL 861152, at *5; *Feibus*, 15 F. Supp. 2d at 585; *CAT Contracting*, 964 S.W.2d at 285.

*iii. Lack of Good Faith and Fair Dealing*

32. There is no good faith and fair dealing requirement between the Indemnitors and the Surety. *See CAT Contracting, Inc.*, 964 S.W.2d at 280 ("We concluded in *Great American* that because these factors are not present in the relationship between surety and obligee, the duty of good faith and fair dealing should not apply. Because we likewise conclude that they are not present in the relationship between surety and principal, we also decline to extend the duty to this relationship.); *see also Great Am. Ins.*, 908 S.W.2d 415 ("Moreover, the surety does not owe a common-law duty of good faith and fair dealing to its principal.").

33. Thus, this defense is invalid as a matter of Texas law. All of the other defenses which are the spokes off of this hub (i.e., unreasonable payments, not liable under the bonds, negligence and unreasonable conduct, failure to mitigate damages, claims are barred based on fraud, unclean hands and failure to act equitable) likewise fail as a matter of law.

**F. Other Independent Reasons why the Defenses Fail as a Matter of Law**

*i. Unreasonableness of Payments*

34. The Indemnity Agreement does not provide for a good faith requirement. *See Travelers Cas. & Sur. Co. of Am. v. Momie*, Civil Action No. H-22-2212, 2023 U.S. Dist. LEXIS 233422, *7 (S.D. Tex. 2023) ("a surety need not have conducted a 'reasonable' investigation prior to a determination that claims should be settled or paid."); *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2019 U.S. Dist. LEXIS 68781, *25 (W.D. Tex. 2019) ("Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle

claims without adjudication . . . .") (internal quotation omitted). Thus, "the Indemnity Agreement does not contractually limit Travelers' right to reimbursement on its good faith payment or settlement of claims — to the contrary, the Indemnity Agreement expressly gives Travelers sole discretion in its payment or settlement of claims." *James*, Civil Action No. 3:15-CV-1999-N, 2016 U.S. Dist. LEXIS 195432, *17.

*ii. Unclean Hands*

35. Equitable defenses must be pled with the specific elements to establish the defense. *See, e.g., Fluor Corp. v. ILL. Power Co.*, 326 F. 2d 374, 377-378 (7th Cir. 1964); *Software Publishers Ass'n v Scott & Scott*, LLP, 2007 WL 2325585 at *2 (N.D. Tex. 2007) (holding that a defendant's false assertions of estoppel affirmative defense did not provide plaintiff with fair notice of claims being advanced). The unclean hands defense states that the Surety is not entitled to any equitable recovery because it has unclean hands. It does not recite or specify any of the facts that would support such an allegation. In addition, the unclean hands defense is basically another attempt at arguing that the Surety acted in bad faith, which does not exist in Texas.

36. Moreover, under the doctrine of unclean hands, the Indemnitors must show that they were injured by the Surety's unlawful or inequitable conduct. *See Paciwest, Inc. v. Warner Alan Props*., LLC, 266 S.W.3d 559, 571 (Tex. App.—Fort Worth 2008, pet. denied). As discussed in the sections above, the common-law principles of reasonableness of payment and good faith do not apply. Without a common-law duty of good faith, the Surety making payments pursuant to the Indemnity Agreement "in its sole discretion . . . and its determination shall be final, binding and conclusive upon the Indemnitors" cannot be unlawful or inequitable conduct as a matter of law. Accordingly, the Court should strike the unclean hands defense and find that Indemnitors have failed to plead sufficient facts to allege a plausible entitlement to relief.

*iii. Failure to Mitigate Damages*

37. The Indemnitors have claimed that the Surety failed to mitigate its damages. Such a defense fails for three, independent reasons: (1) the *prima facie* clause of the Indemnity Agreement sets the liability of the Indemnitors; (2) the Surety had the right to settle claims against the Bonds and the Indemnitors chose not to post collateral in connection with any claim;[15] and (3) substantively, the Indemnitors cannot provide this Court with sufficient evidence to support a defense of a failure to mitigate. Due to these reasons, this defense should also fail as a matter of both substance and procedure.

38. The Indemnitors contractually agreed that "[v]ouchers, affidavits or other evidence of payment by the [Surety] of any loss, cost or expense shall be prima facia evidence of their propriety and the liability of the [Indemnitors] to the [Surety] for such loss, cost or expense." As such, the evidence before the Court establishes the fact and amount of the liability of the Indemnitor. *See Gundle Lining Construction Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 210 (5th Cir. 1996) ("The fact and extent of [a principal's] liability to [the surety] may be prima facie established by vouchers or affidavits. . . .").

39. As also noted, the Indemnitors granted the Surety the right to settle all claims, including the claim by Houston Metro, which is the claim that is the basis of the allegation of a failure of the Surety to mitigate its damages. "Common-law principles such as reasonableness of the settlement and a requirement of potential liability do not apply where the indemnity contract expressly gives the surety the right to settle claims without an adjudication." *Palmer*, 5 S.W.3d at 361-62. The Texas Supreme Court has likewise recognized that provisions in indemnity

---

[15] *See* Ex. 1, ¶¶ 9-11; *see also* Ex. 1-E

agreements allow sureties the right to settle claims, which are "limited only by the bounds of fraud" – a defense that has not been asserted by the Indemnitors. *CAT Contracting,* 964 S.W.2d at 284.

40. Finally, the affirmative defense of a failure to mitigate requires more than "merely . . . asserting that a plaintiff failed to mitigate damages. Evidence must be developed which clearly shows a plaintiff's failure to mitigate caused further damages, and the evidence must be sufficient to guide the jury in determining which damages were attributable to a plaintiff's failure to mitigate." *Hygeia Dairy Co. v. Gonzalez*, 994 S.W.2d 220, 225 (Tex. App.—San Antonio 1999, no pet.). Thus, "the party asserting failure to mitigate has the burden of proving facts showing lack of such mitigation and must also show the amount by which the damages were increased by failure to mitigate." *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 708 (Tex. App.—Fort Worth 2006, pet. denied) (citing *Lester v. Logan,* 893 S.W.2d 570, 577 (Tex. App.—Corpus Christi 1994), *writ denied per curiam,* 907 S.W.2d 452 (Tex.1995)); *Rauscher Pierce Refsnes, Inc. v. Great S.W. Sav. F.A.,* 923 S.W.2d 112, 117 (Tex. App.—Houston [14th Dist.] 1996, no writ)).

41. The Indemnitors cannot meet the evidentiary burden required to prevail in asserting a defense of a failure of the Surety to mitigate its damages. Consequently, the Surety is entitled to summary judgment for its losses in connection with the claims against the Bonds.

*iv. Negligence and Unreasonable Conduct*

42. The Indemnitors have claimed that the claims are barred because of the Surety's negligent and unreasonable conduct. Such a defense should fail based on the notion that a Surety is not under the obligation to conduct a reasonable investigation prior to determining that claims should be settled. *See Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2019 U.S. Dist. LEXIS 68781, *25 (W.D. Tex. 2019).

**G.    The Surety is Entitled to Damages – which includes its Attorneys' Fees**

43. The Indemnitors are obligated to reimburse the Surety under the Indemnity Agreement in the total amount of $1,907,367.33 for the losses on the Bonds. This includes the attorneys' fees incurred by the Surety. Courts nationwide have awarded attorneys' fees as a loss pursuant to the unambiguous terms of the Indemnity Agreement and not pursuant to the restrictions of a state-law statute providing for attorneys' fees in certain situations. *See Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc.*, No. 11-15950, 2013 WL 2150920 (11th Cir. May 20, 2013) ("Travelers submitted payment records of its attorneys' fees in the form of a computer printout verified by affidavit, thereby meeting its *prima facie* burden."); *Anderson v. U.S. Fid. & Guar. Co.*, 600 S.E.2d 712, 716 (Ga. Ct. App. 2004); *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997); *Transamerica Premier Ins. Co. v. Nelson*, 878 P.2d 314, 318 (Nev. 1994); *U.S. v. D Bar D Enterprises Inc.,* 772 F. Supp. 1167, 1173 (D. Nev.1991).

## V.
## REQUEST FOR RELIEF

44. For the foregoing reasons, Plaintiff, Travelers Casualty and Surety Company of America, respectfully requests that its Motion for Summary Judgment be granted and that the Court award the following against the Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood:

    a.    $1,907,367.33 for all losses incurred under the Bonds;

    b.    Costs of court;

    c.    Prejudgment and post-judgment interest at the maximum rates permissible by law or in equity; and

    d.    Any such other and further relief to which the Surety may show itself justly entitled.

Respectfully Submitted,

By: */s/ Brandon K. Bains*
Brandon K. Bains – Attorney in Charge
State Bar No. 24050126
S.D. Texas Bar No. 711977
P.O. Box 1027
Aledo, TX 76008
Telephone: (214) 494-8097
brandon@bainslaw.com

**ATTORNEY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing is being served upon the following counsel of record pursuant to the Federal Rules of Civil Procedure on this the 13th day of June, 2025:

Minh-Tam (Tammy) Tran
**THE TAMMY TRAN LAW FIRM**
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
832-372-4403
ttran@tt-lawfirm.com
***Counsel for PRCHOU, LLC, Mukadas D. Kurban, and Apar Pataer***

D. John Neese, Jr.
Texas Bar No. 24002678
Samuel B. Haren
Texas Bar No. 24059899
**MEADE NEESE & BARR LLP**
2118 Smith Street
Houston, Texas 77002
(713) 355-1200
jneese@mnbllp.com
sharen@mnbllp.com
***Counsel for Abdul R. Dawood and Maria E. Dawood***

*/s/ Brandon K. Bains*
Brandon K. Bains