IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 24-796 |
| | § | |
| PRCHOU, LLC; MUKADAS D. KURBAN; | § | |
| APAR PATAER; ABDUL R. DAWOOD; | § | |
| and MARIA E. DAWOOD | § | |
|     Defendants. | § | |

## DECLARATION OF TIMOTHY G. SNYDER

1.     My name is Timothy G. Snyder. I am over 18 years of age. I am of sound mind and have never been convicted of a felony or crime involving moral turpitude. I am competent to make this Declaration, and all statements within this Declaration are within my personal knowledge and are true and correct.

2.     I am the Senior Bond Claims Executive for the Plaintiff, Traveler's Casualty and Surety of America (the "Surety"). I have been employed with the Surety for 30 years. During this time, I have become experienced in dealing with claims filed under performance and payment bonds and with indemnity agreements executed pursuant to such bonds. Because of this, I am familiar with the facts and circumstances relating to the indemnity agreement executed by executed by the Defendants, PRCHOU, LLC; Mukadas D. Kurban; Apar Pataer; Abdul R. Dawood; and Maria E. Dawood (collectively, "Indemnitors").

3.     PRCHOU, LLC ("the Principal") approached the Surety to issue performance and payments bonds.  The Surety required indemnity prior to issuance of any bond.

4.     This indemnity requirement was met by a *General Indemnity Agreement* in favor of the Surety, dated May 9, 2019 (the "Indemnity Agreement").[1] A true and correct copy of this agreement is attached hereto and incorporated fully by reference as Exhibit 1-A.

5.     The Indemnitors have an obligation under Paragraph 3 of the Indemnity Agreement to indemnify the Surety from loss:

> <u>Indemnification and Hold Harmless</u>: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

6.     Relying on this Indemnity Agreement, the Surety issued the following bonds in favor of Metropolitan Transit Authority of Harris County ("Metro"):

a.     A combination Performance and Payment Bond No. 107521472 in the single penal sum of $1,456,760.00, with PRC as Principal in favor of Metro on a project identified as Segment #2 of route 56 – between Cavalcade & Tidwell; and

b.     A combination Performance and Payment Bond No. 107521472-1/107629723 in the single penal sum of $1,410,125.00, with PRC as Principal in favor of Metro for a project identified as Segment #3 between Tidwell and Gulf Bank Roads.

(collectively, the "Metro Bonds"). A true and correct copy of Metro Bonds are attached hereto and incorporated herein by reference as Exhibit 1-B.

7.     In addition to the Metro Bonds, the Surety also issued the following bonds in favor of the City of Houston, Texas (the "City"): Performance and Payment Bond No. 107365543 in

---

[1] *See* Original Complaint, Ex 1.

the penal sum of $378,727.00 for a project identified as Metro Bus Drive Lane Reconstruction – Project No. 236 project for City (the "Hobby Bonds"). A true and correct copy of the Hobby Bonds is attached hereto and incorporated herein by reference as Exhibit 1-C. The Metro Bonds and the Hobby Bonds shall be collectively referred to as the "Bonds."

8.      Following the issuance of the Bonds, the Principal was issued notices of default and/or termination by Metro on the Metro Bonds. The Surety also received claims against the Bonds by subcontractors and/or suppliers of the Principal who alleged that they were not paid by the Principal for labor and/or materials provided on the bonded projects.

9.      Based on the claims against the Bonds, and in accordance with the obligations of the Indemnity Agreement, the Surety demanded collateral of $2,866,844.78 on July 16, 2023. A true and correct copy of the demand for collateral is attached hereto and incorporated herein by reference as Exhibit 1-D.

10.     The Indemnitors did not respond to the demand and have not provided collateral requested by the Surety and as required by their obligations in the Indemnity Agreement.

11.     On August 8, 2023, the Surety notified the Indemnitors that the failure to provide collateral constituted a default of the Indemnity Agreement. A true and correct copy of the notice of default is attached hereto and incorporated herein by reference as Exhibit 1-E.

12.     Based on the existence of the claims against its Bonds, the Surety has suffered losses and costs under the Bonds of at least $1,907,367.33 as of June 5,  2025. The internal ledger of the Surety identifying the losses is attached hereto as Exhibit 1-F and is fully incorporated by reference.

13.     The Indemnitors have failed to fulfill their obligations under the Indemnity Agreement. Specifically, the Indemnitors have failed to repay the Surety for the losses that it suffered in connection with the Bonds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __/ /__ day of June, 2025 in Hartford, Connecticut.

Timothy G. Snyder

# General Agreement
# Of Indemnity

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
**Hartford, Connecticut  06183**

We the undersigned, individually and for and on behalf of all other Indemnitors, enter into this General Agreement of Indemnity ("Agreement") in favor of Company. Witnesseth:

**WHEREAS,** in the transaction of business, Bonds have heretofore been and/or may hereafter be executed by Company. In connection with the execution, delivery and/or assumption of obligations of such Bonds, Company requires complete indemnification.

**NOW, THEREFORE,** as an inducement to Company and in consideration of Company's execution and/or delivery of one or more Bonds, refraining from canceling one or more Bonds, and/or assumption of obligations by Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors jointly and severally agree with Company as follows:

**1.   Definitions:** For purposes of this Agreement, the following definitions apply, which definitions shall be equally applicable to both the singular and plural forms of such terms:

**Bond** - Any and all bonds, undertakings, guarantees, contractual obligations, and writings or statements of prequalification or commitment, including Modifications thereof, which Company has executed or procured, or for which Company has an obligation as a result of an asset purchase, acquisition, merger or like transaction, issued for or on behalf of: (a) any one or more of the Indemnitors (without regard to whether any such Indemnitor signed this Agreement), their respective present or future direct or indirect parent companies, subsidiaries and affiliates and all of their respective successors and assigns; (b) any present or future joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of the persons or entities identified in sub-paragraph (a) above have an interest; (c) any other person or entity at the request of any of the Indemnitors; or (d) any combination of the above, whether executed or procured before, on, or after the execution of this Agreement.  For the purpose of this definition, "Modifications" shall include but not be limited to renewals, substitutions, riders, endorsements, reinstatements, replacements, increases or decreases in penal sum, continuations, and extensions.

**Company** - Travelers Casualty and Surety Company of America, St. Paul Fire and Marine Insurance Company, any of their present or future direct or indirect parent companies, any of the respective present or future direct or indirect affiliates or subsidiaries of such companies and parent companies, and/or any of the aforementioned entities' successors or assigns.

**Contract** - Any contract or obligation the performance of which is guaranteed or covered either in whole or in part under a Bond.

**Default** - Any of the following shall constitute a Default: (a) a declaration of Contract default by any Obligee; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or any Indemnitor's assets to the detriment of Contract obligations; (g) any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent; (h) any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located; (i) any representation furnished to Company by or on behalf of any Indemnitor proving to have been materially false or misleading when made; and/or (j) any change in control or existence of any Indemnitor. Change in control means the addition or departure of any person or entity having a ten percent (10%) or greater ownership interest in any Indemnitor.

**Indemnitors** - Undersigned, all new indemnitors added to this Agreement by rider, their present and future direct and indirect subsidiaries, affiliates, and parent companies, and all of their successors and assigns, and any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved, whether in existence now or formed or acquired hereafter, and any entity that obtains Bonds from Company at the request of any of the aforementioned parties, or any combination of the above.

**Loss** - All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond, including any expenses incurred by Company to defend any extra-contractual claim where there has been no final adverse determination /adjudication of liability against Company on such claim; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.    •

**Obligee** - Any person or entity in whose favor a Bond has been issued, and that person's or entity's successors and assigns.

**Property** - Indemnitors' rights, title and interest, whether now held or hereafter acquired in: (a) any Contract or contract, including but not limited to subcontracts let; (b) any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto; (c) all rights arising under any surety bonds or insurance policies; and (d) any and all accounts receivable, letters of credit, documents of title, bills of lading, warehouse receipts, machinery, plants, equipment, tools, materials, supplies, inventory, vehicles, hardware, software, machine tools, fixtures, office equipment, books, records, designs, licenses, patents, intellectual property, as-builts, construction drawings and documents, and all electronically stored information.

**2.   Payment of Premium:** Indemnitors shall pay to Company all premiums for each Bond executed and all renewals and extensions thereof.

**3.   Indemnification and Hold Harmless:** Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

**4.   Claim Settlement:** Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

**5.    Collateral Security:** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

**6.    Remedies:** In the event of a Default, Indemnitors assign, convey and transfer to Company all of their rights, title and interests in Property, and Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit; (d) execute in the name of any Indemnitor, any instruments deemed necessary or desirable by Company to: (i) provide Company with title to assets, (ii) take immediate possession of Contract funds whether earned or unearned, (iii) collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors, and (iv) collect on any negotiable instruments; (e) require any Obligee to withhold payment of Contract funds unless and until Company consents to its release; and/or (f) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or contracts and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, bond or contract. Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may become due on any Contract or contract be made payable to, and/or sent directly to, Company, and shall issue whatever writing or notices as deemed necessary by Company to effectuate the default and/or termination of any Contract.

**7.    Joint and Several Liability:** The obligations of Indemnitors hereunder are joint and several. Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and any such settlements shall not bar or prejudice actions by Company against or affect the liability of the other Indemnitors hereunder.

**8.    Decline Execution:** Company has the right, for any reason, to decline to execute: (a) any Bond, including final Bonds where Company provided a bid Bond; (b) any Bond rider or consent authorizing any change to any Bond; and/or (c) any other consent of surety, without incurring any liability or waiving any right.

**9.    Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which Company as beneficiary may be liable under any Bond. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitors shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of Company.

**10.  Books, Records and Credit:** Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access their credit records, including, but not limited to, account numbers and/or account balances from financial institutions.  To the extent required by law, Indemnitors, upon request, shall be informed whether or not a consumer report has been requested by Company, and if so, of the name and address of the consumer reporting agency furnishing the report.

**11.  Attorney in Fact:** Indemnitors irrevocably constitute, appoint and designate Company as their attorney in fact with the right, but not the obligation, to exercise all rights of Indemnitors assigned or granted to Company and to execute and deliver any other assignments, documents, instruments or agreements deemed necessary by Company to exercise its rights under this Agreement in the name of any Indemnitor.

**12.  Security Interest:**  As security for their obligations hereunder, Indemnitors hereby grant to Company a security interest in the following properties, assets and rights of Indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof: all goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or rights to the payment of money, insurance claims and proceeds, and all general intangibles (the "Collateral").  This Agreement shall for all purposes constitute a Security Agreement for the benefit of Company in accordance with the Uniform Commercial Code ("UCC") and all similar statutes.  Indemnitors hereby irrevocably authorize Company, without notice to any Indemnitor, in order to perfect the security interest granted herein, to file either: (a) this Agreement or a copy or other reproduction of this Agreement; or (b) any initial financing statements or amendments thereto that indicate the Collateral as all assets of Indemnitors or words of similar effect, as being of an equal or lesser scope or with greater detail and that contain any other information relating to any Indemnitor required by Part 5 of Article 9 of the UCC for the jurisdiction where such financing statement or amendment is filed.  Company may add schedules or other documents to this Agreement as necessary to perfect its rights. The failure to file or record this Agreement or any financing statement shall not release or excuse any of the obligations of Indemnitors under this Agreement.

**13. Termination:** This is a continuing Agreement, which remains in full force and effect until terminated. The sole method available to Indemnitors to terminate their participation in this Agreement is by giving written notice to Company of Indemnitors' intent to terminate. Such notice shall be sent to Travelers Bond & Specialty Insurance, Attention: Construction Services – Bond, One Tower Square, Hartford, Connecticut 06183.  The termination shall take effect thirty (30) days after Company receives such notice ("Termination Date").  The notice shall not relieve Indemnitor from its obligations for any Bond executed prior to the Termination Date or with respect to any Bond executed after the Termination Date: (a) upon the award of a Contract to any Indemnitor on a bid or proposal in respect of which Company has executed or procured a bid Bond prior to the Termination Date; or (b) which Company has become committed to execute or procure prior to the Termination Date; or (c) in connection with any maintenance, guarantee, claim, lien, litigation, or other matter involving or relating to any Bond executed prior to the Termination Date or thereafter executed or procured as provided in sub-paragraphs (a) or (b) above.

**14. Jurisdiction:** In any legal proceeding brought by or against Company that in any way relates to this Agreement, each Indemnitor, for itself and its property, irrevocably and unconditionally submits to the exclusive jurisdiction, at the sole and exclusive option of Company, of the courts in any state in which any Indemnitor resides, has property, or in which any Contract is performed. Indemnitors hereby irrevocably and unconditionally submit to the jurisdiction of said courts and waive and agree not to assert any claim that they are not subject to the jurisdiction of any such court, that such proceeding is brought in an inconvenient forum or that the venue of such proceeding is improper.

**15. Other Sureties:** If Company procures the execution of Bonds by other sureties, executes Bonds with co-sureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, co-surety or reinsurer, but only as to such Bonds.

**16. Nature of Rights:** If any provision or portion of this Agreement is or becomes unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. This Agreement is in addition to and not in lieu of any other agreement of indemnity, whether now existing or entered into hereafter. Company shall be entitled to specific performance of the terms of this Agreement in addition to any other remedy at law or equity. Time is of the essence in this Agreement. Whenever the context may require, any pronoun used in this Agreement shall include the corresponding masculine, feminine and neuter forms. The rights and remedies afforded to Company by the terms of this Agreement can only be modified by a written rider to this Agreement signed by an authorized representative of Company. If any Indemnitor fails to execute or improperly executes this Agreement or is otherwise found not to be bound under this Agreement, such failure or finding shall not affect the obligations of the other Indemnitors. The failure to sign or the improper execution of a Bond shall not affect Company's rights under this Agreement, and Indemnitors waive any claim they may have, now or at any time in the future, arising out of the failure to sign or properly execute a Bond. Termination and/or limitation of any Indemnitors' obligations under this Agreement shall in no way affect the obligations of any of the other Indemnitors whose obligations have not been terminated and/or limited. Indemnitors acknowledge this Agreement can be amended via rider to add another person, entity or entities as Indemnitor(s) to this Agreement and Indemnitors waive any and all notice in connection with the addition of additional Indemnitors and further acknowledge the rights and obligations provided herein shall apply to all Indemnitors whenever made a party to the Agreement.

**17. Jury Waiver:** Indemnitors hereby waive and covenant that they will not assert any right to trial by jury in respect to any legal proceeding arising out of this Agreement.

**18. Resolution:** Indemnitors have a substantial, material and beneficial interest: (a) in the obtaining of Bonds by any of the Indemnitors; and (b) in the transaction(s) for which any Indemnitor has applied or will apply to Company for Bonds pursuant to this Agreement. Indemnitors have the full power and authority to execute, deliver and perform this Agreement and to carry out the obligations stated herein. Indemnitors further acknowledge and agree that: (x) the execution, delivery and performance of this Agreement by such Indemnitors; (y) the compliance with the terms and provisions hereof; and (z) the carrying out of the obligations contemplated herein, do not, and will not, conflict with and will not result in a breach or violation of any terms, conditions or provisions of the charter documents or bylaws of such Indemnitors, or any law, governmental rule or regulation, or any applicable order, writ, injunction, judgment or decree of any court or governmental authority against Indemnitors, or any other agreement binding upon Indemnitors, or constitute a default thereunder.

**19. Date of Agreement:** The date of this Agreement shall be the earliest date any Indemnitor executes this Agreement.

> **WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH. IN TESTIMONY HEREOF, WE THE INDEMNITORS HAVE SET OUR HANDS AND FIXED OUR SEALS AS SET FORTH BELOW.**

**IMPORTANT:**
1. PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
2. ALL PERSONAL INDEMNITORS MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH SIGNATURE MUST BE NOTARIZED.
3. ALL ENTITY INDEMNITORS MUST PROVIDE AN ADDRESS AND FEDERAL TAX IDENTIFICATION NUMBER, IF APPLICABLE, AND EACH SIGNATURE MUST BE NOTARIZED.

---

**If Indemnitor an Individual, sign below:**

|  |  |
|---|---|
| Indemnitor – Individual (signature) | 2027 Westshore Dr, Missouri City, TX 77459 |
| | Month/Day/Year    Address |

**Mukadas D. Kuban**
Indemnitor – Individual     (print or type)          SS#

ACKNOWLEDGEMENT
STATE OF Texas     County of Harris
On this 4th day of May, 2019, before me personally appeared Mukadas D. Kurban of the address shown above, known or proven to me to be the person described in and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

MONICA STEVENS
Notary Public, State of Texas
Comm. Expires 12-20-2021
Notary ID 124075170

Notary Public (signature)
*Monica Stevens*
Notary Public (print or type)
Notary Public residing at: *Texas*

Commission expires: 12/20/21

_(signature)_                                                               **2027 Westshore Dr, Missouri City, TX 77459**
Indemnitor – Individual          (signature)          Month/Day/Year     Address

**Apar Pataer**
Indemnitor – Individual          (print or type)                          SS#

ACKNOWLEDGEMENT
STATE OF <u>Texas</u>          County of <u>Harris</u>

On this <u>9</u> day of <u>Mau</u>, 2019, before me personally appeared <u>Apar Pataer</u> of the address shown above, known or proven to me to be the person described in and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public                    (signature)

_Monica Stevens_
Notary Public                    (print or type)

Notary Public residing at: _Texas_

Commission expires: _12/20/21_

> MONICA STEVENS
> Notary Public, State of Texas
> Comm. Expires 12-20-2021
> Notary ID 124075170

_(signature)_                                                               **8118 Cicada Dr, Missouri City, TX 77459**
Indemnitor – Individual          (signature)          Month/Day/Year     Address

**Abdul R. Dawood**
Indemnitor – Individual          (print or type)                          SS#

ACKNOWLEDGEMENT
STATE OF <u>Texas</u>          County of <u>Harris</u>

On this <u>9</u> day of <u>Mau</u>, 2019, before me personally appeared <u>Abdul R. Dawood</u> of the address shown above, known or proven to me to be the person described in and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public                    (signature)

_Monica Stevens_
Notary Public                    (print or type)

Notary Public residing at: _Texas_

Commission expires: _12/20/21_

> MONICA STEVENS
> Notary Public, State of Texas
> Comm. Expires 12-20-2021
> Notary ID 124075170

_(signature)_                                                               **8118 Cicada Dr, Missouri City, TX 77459**          2027 We
Indemnitor – Individual          (signature)          Month/Day/Year     Address

**Maria E. Dawood**
Indemnitor – Individual          (print or type)                          SS#

ACKNOWLEDGEMENT
STATE OF <u>Texas</u>          County of <u>Harris</u>

On this <u>9</u> day of <u>Mau</u>, 2019, before me personally appeared <u>Maria E. Dawood</u> of the address shown above, known or proven to me to be the person described in and who executed the foregoing instrument, and he/she acknowledged to me that he/she executed the same. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public                    (signature)

_Monica Stevens_
Notary Public                    (print or type)

Notary Public residing at: _Texas_

Commission expires: _12/20/21_

> MONICA STEVENS
> Notary Public, State of Texas
> Comm. Expires 12-20-2021
> Notary ID 124075170

**If Indemnitor a Corporation, Limited Liability Company, Partnership, or Trust, sign below:**

Instructions: All signatures must be notarized. If the entity is: 1) a corporation, the secretary and an authorized officer should sign on behalf of the corporation; 2) a limited liability company, the manager(s) or member(s) should sign on behalf of the LLC; 3) a partnership, the partner(s) should sign on behalf of the partnership; or 4) a trust, all trustees should sign. Two signatures are required for all entities except where otherwise instructed by Company.

Each of the undersigned hereby affirms to Company as follows: I am a duly authorized official of the business entity Indemnitor on whose behalf I am executing this Agreement. In such capacity I am familiar with all of the documents which set forth and establish the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, and/or partnership, operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as deemed appropriate, I hereby affirm that such entity has the power and authority to enter into this Agreement and that the individuals executing this Agreement on behalf of such entity are duly authorized to do so.

PRCHOU, LLC
Indemnitor – Limited Liability Company

46-4992427
(Federal Tax ID)                    Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

By _____ (Seal)
(Signature of Authorized Official)

Mukadas D. Kurban, President
(Print or Type Name and Title)

Abdul R. Dawood, Vice President
(Print or Type Name and Title)

3411 Richamond Ave, Suite 610 Houston, TX 77046
(Address)

Texas
(State of Incorporation / Formation)

ACKNOWLEDGEMENT
STATE OF Texas        County of Harris

On this 9 day of May , 2019, before me personally appeared Mukadas D. Kurban, known or proven to me to be the President of the entity executing the foregoing instrument ("Entity"), and Abdul R. Dawood, known or proven to me to be the Vice President of the Entity, and they acknowledged said instrument to be the free and voluntary act and deed of Entity for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of Entity and that it was affixed and that they executed said instrument by authority of Entity. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public                    (signature)

MONICA STEVENS
Notary Public                    (print or type)

MONICA STEVENS
Notary Public, State of Texas
Comm. Expires 12-20-2021
Notary ID 124075170

Notary Public residing at: Texas

Commission expires: 12/20/21

Indemnitor – Corporation, Limited Liability Company, Partnership, or Trust (circle one)

(Federal Tax ID)                    Month/Day/Year

By _____ (Seal)
(Signature of Authorized Official)

By _____ (Seal)
(Signature of Authorized Official)

_____
(Print or Type Name and Title)

_____
(Print or Type Name and Title)

_____
(Address)

_____
(State of Incorporation / Formation)

ACKNOWLEDGEMENT
STATE OF _____        County of _____

On this ____ day of _____, _____, before me personally appeared _____, known or proven to me to be the _____ of the entity executing the foregoing instrument ("Entity"), and _____, known or proven to me to be the _____ of the Entity, and they acknowledged said instrument to be the free and voluntary act and deed of Entity for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of Entity and that it was affixed and that they executed said instrument by authority of Entity. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Notary Public                    (signature)

Notary Public                    (print or type)

**PAYMENT AND
PERFORMANCE
BOND**

**Travelers Casualty and Surety Company of America
Hartford, CT 06183**

Exhibit 1-B

Bond No.: 107521472-1

KNOW ALL PERSONS BY THESE PRESENTS, That we, PRCHOU, LLC                    , as
principal, (hereinafter called the "Principal"), and Travelers Casualty and Surety Company of America            ,
a  Connecticut  corporation, as surety, (hereinafter called the "Surety"), are held and firmly bound unto
Metropolitan Transit Authority of Harris County Texas, as Obligee in the sum of One Million Four Hundred Ten Thousand  Dollars
One Hundred Twenty-Four and 72/100
(      $1,410,124.72      ) for the payment whereof said Principal and Surety bind themselves, jointly
and severally, as provided herein.

WHEREAS, the Principal has entered into a Contract with Obligee dated      April 5, 2022      , to
perform construction work for 56 Airline / Montrose BOOST Construction Contract, Contract No. 702200111,  ("Contract").
Work Authorization Number 2 - PO 7122001517 for Route 56, Segment #3 -
between Tidwell Road and Gulf Bank Roads

NOW, THEREFORE, the condition of this obligation is such that if Principal shall promptly and
faithfully perform the Construction Work to be performed under the Contract, and shall promptly make
payment to Claimants, as hereinafter defined, for all labor and material actually used, consumed or
incorporated in the performance of the Construction Work under the Contract, then this obligation
shall be null and void; otherwise to remain in full force and effect.

Surety's obligations hereunder to Obligee shall not arise unless Principal is in default under the
Contract for failing to perform the Construction Work, and has been declared by Obligee to be in
default under the Contract for failing to perform the Construction Work; and Obligee has performed its
obligations under the Contract. In such event, Surety shall have a reasonable period of time to:

      1.    Upon entering into an acceptable written takeover agreement with Obligee, undertake
to perform and complete the Construction Work to be done under the Contract; or

      2.    Obtain bids or negotiated proposals from qualified contractors for a contract for
completion of the Construction Work to be done under the Contract, arrange for a contract to be
prepared for execution by Obligee and contractor, to be secured with performance and payment
bonds executed by a qualified surety; or

      3.    Waive its right to perform or complete the Construction Work pursuant to paragraphs 1
and 2 above, and with reasonable promptness under the circumstances: (a) After investigation,
determine the amount for which it may be liable to the Obligee and, as soon as practicable after the
amount is determined, tender payment therefor to the Obligee; or (b) Deny liability in whole or in part
and notify the Obligee citing reasons therefor.

      4.    The Contract balance, as defined below, shall be credited against the
reasonable construction cost of completing the Construction Work to be performed under the
Contract. If completed by Obligee pursuant to paragraphs 2 or 3 above, and the reasonable
construction cost of completing the Construction Work exceeds the Contract balance, Surety shall pay
to Obligee such excess, but in no event shall the aggregate liability of Surety exceed the amount of
this bond. If Surety completes the work pursuant to paragraph 1 above, that portion of the Contract
balance as may be required to complete the Construction Work to be done under the Contract and to
reimburse Surety for its outlays shall be paid to Surety at the times and in the manner as said sums
would have been payable to Principal had there been no default under the Contract. To the extent
that Surety's outlays exceed the Contract balance paid to Surety by Obligee, Surety shall be entitled
to a dollar for dollar reduction of its liability under this bond, and Surety's aggregate liability shall not
exceed the penal sum of this bond. The term "Contract balance" as used herein shall mean the total
amount payable by Obligee under the Contract and any amendments thereto, less the amounts
properly paid by Obligee to Principal under the Contract. The term "Construction Work" as used
herein shall mean the providing of all labor and/or material necessary to complete Principal's scope of
work under the Contract. Notwithstanding any language in the Contract to the contrary, the Contract

balance shall not be reduced or set off on account of any obligation, contractual or otherwise, except the reasonable construction cost incurred in completing the Construction Work.

5.      Any suit by Obligee under this bond must be instituted before the earlier of: (a) the expiration of one year from the date of substantial completion of the Construction Work, or (b) one year after Principal ceased performing the Construction Work, excluding warranty work.  If the public works bond statutes in the location where the Construction Work is being performed contains a statute of limitations for suits on the performance bond, then the limitation period set forth herein shall be read out of this bond and the statute of limitation set forth in the public works bond statutes shall be read into this bond.  If the limitation set forth in this bond is void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable, and said period of limitation shall be deemed to have accrued and shall commence to run no later than (y) the date of substantial completion of the Construction Work, or (z) the date Principal ceased performing Construction Work, excluding warranty work, whichever occurs first.

6.      A Claimant is defined as one other than Obligee having a contract with Principal or with a direct subcontractor of Principal to supply labor and/or materials and said labor and/or material is actually used, consumed or incorporated in the performance of the Construction Work under the Contract.

7.      Principal and Surety hereby jointly and severally agree with Obligee that every Claimant as herein defined who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed or materials were furnished by such Claimant, may bring suit on this bond, prosecute the suit to final judgment for the amount due under Claimant's contract for the labor and/or material supplied by Claimant which was actually used, consumed or incorporated in the performance of the Construction Work, and have execution thereon; provided, however, that a Claimant having a direct contractual relationship with a subcontractor of Principal shall have a right of action on this bond only if said Claimant notifies Surety in writing of its claim within ninety (90) days from the date on which said Claimant did or supplied the last labor and/or materials for which the claim is made.  Obligee shall not be liable for the payment of any costs or expenses of any such suit.

8.      No suit or action shall be commenced hereunder by any Claimant after the expiration of the earlier of: (a) one year after the day on which Claimant last supplied the labor and/or materials for which the claim is made; or (b) the limitation period set forth in the public works bond statutes, if any, in the location where the construction work is being performed.  Any limitation contained in this bond which is prohibited by any law controlling in the state where the suit is filed shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by the law of that state, and said period of limitation shall be deemed to have accrued and shall commence to run on the day Claimant last supplied the labor and/or materials for which the claim is made.

9.      No suit or action shall be commenced hereunder by Obligee or any Claimant other than in a state court of competent jurisdiction in the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

10. The amount of this bond shall be reduced by and to the extent of any payment or payments made by Surety in good faith hereunder whether made directly to Obligee or Claimant(s) or otherwise in discharge of Principal's obligations.  Surety's liability hereunder to Obligee and all Claimants is limited, singly, or in the aggregate, to the penal sum of the bond set forth herein.  Surety may, at its option, discharge all obligations under this bond by interpleading into the registry of any court of competent jurisdiction of the full unused penal sum of this bond, or such portion thereof that will satisfy the obligations owed to Obligee and/or Claimant(s).  No right of action shall accrue on this bond to any person or entity other than Obligee and/or Claimant(s).  The bond shall not afford coverage for any liability of Principal for tortious acts, whether or not said liability is direct or is imposed by the Contract, and shall not serve as or be a substitute for or supplemental to any liability or other insurance required by the Contract.

11.    This bond is provided to comply with a statutory or other legal requirement for performing construction contracts for public owners in the location where the construction work is being performed. Except as provided in paragraphs 5 and 8 above, all provisions in the bond which are in addition to or differ from those statutory or legal requirements shall be read out of this bond, and all pertinent statutes and other legal requirements shall be read into the bond. This bond is a statutory bond, not a common law bond.

Signed this _____15th_____ day of _____June_____, ___2022___.


**PRCHOU, LLC**

(Principal)


By: _____


**Travelers Casualty and Surety Company of America**

By: _____

**Heather Noles**                           , Attorney-in-Fact



**Travelers Casualty and Surety Company of America**
**Travelers Casualty and Surety Company**
**St. Paul Fire and Marine Insurance Company**

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Marc W. Boots, Vickie Lacy, Susan Golla, Maria D. Zuniga, Richard Covington, Joseph R. Aulbert, Ashley Koletar, Heather Noles, Myisha Jefferson, and Ryan J.Varela** of Houston, Texas, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on, behalf of the Companies in the,r business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021.**



State of Connecticut

City of Hartford ss.

By: _____
Robert L Raney, Senior Vice President

On this the **21st** day of **April, 2021,** before me personally appeared **Robert L. Raney,** who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes,** the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this **15th** day of **June, 2022.**



Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.*

**IMPORTANT NOTICE**

To obtain information or make a complaint:

You may call Travelers Casualty and Surety Company of America and its affiliates' toll-free telephone number for information or to make a complaint at:

**1-800-328-2189**

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

**1-800-252-3439**

You may write the Texas Department of Insurance:

P. O. Box 149104
Austin, TX  78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim you should contact your Agent or Travelers first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR BOND:**
This notice is for information only and does not become a part or condition of the attached document and is given to comply with Texas legal and regulatory requirements.

(PN-042-B)  Ed. 10.18.07

**PAYMENT AND PERFORMANCE BOND**

**Travelers Casualty and Surety Company of America**
**Hartford, CT 06183**

---

Bond No.: 107521472

KNOW ALL PERSONS BY THESE PRESENTS, That we, PRCHOU, LLC _____, as principal, (hereinafter called the "Principal"), and Travelers Casualty and Surety Company of America ____, a ___Connecticut___ corporation, as surety, (hereinafter called the "Surety"), are held and firmly bound unto Metropolitan Transit Authority of Harris County Texas, as Obligee, in the sum of One Million Four Hundred Fifty-Six Thousand Seven Hundred Sixty and 06/100 Dollars ( ___$1,456,760.06___ ) for the payment whereof said Principal and Surety bind themselves, jointly and severally, as provided herein.

WHEREAS, the Principal has entered into a Contract with Obligee dated ___April 5, 2022___, to perform construction work for 56 Airline / Montrose BOOST Construction Contract, Contract No. 7022000111, Work Authorization Number 1 - PO 7122001390 for Segment #2 of route 56 - between Cavalcade & Tidwell ("Contract").

NOW, THEREFORE, the condition of this obligation is such that if Principal shall promptly and faithfully perform the Construction Work to be performed under the Contract, and shall promptly make payment to Claimants, as hereinafter defined, for all labor and material actually used, consumed or incorporated in the performance of the Construction Work under the Contract, then this obligation shall be null and void; otherwise to remain in full force and effect.

Surety's obligations hereunder to Obligee shall not arise unless Principal is in default under the Contract for failing to perform the Construction Work, and has been declared by Obligee to be in default under the Contract for failing to perform the Construction Work; and Obligee has performed its obligations under the Contract. In such event, Surety shall have a reasonable period of time to:

    1.    Upon entering into an acceptable written takeover agreement with Obligee, undertake to perform and complete the Construction Work to be done under the Contract; or

    2.    Obtain bids or negotiated proposals from qualified contractors for a contract for completion of the Construction Work to be done under the Contract, arrange for a contract to be prepared for execution by Obligee and contractor, to be secured with performance and payment bonds executed by a qualified surety; or

    3.    Waive its right to perform or complete the Construction Work pursuant to paragraphs 1 and 2 above, and with reasonable promptness under the circumstances: (a) After investigation, determine the amount for which it may be liable to the Obligee and, as soon as practicable after the amount is determined, tender payment therefor to the Obligee; or (b) Deny liability in whole or in part and notify the Obligee citing reasons therefor.

    4.    The Contract balance, as defined below, shall be credited against the reasonable construction cost of completing the Construction Work to be performed under the Contract. If completed by Obligee pursuant to paragraphs 2 or 3 above, and the reasonable construction cost of completing the Construction Work exceeds the Contract balance, Surety shall pay to Obligee such excess, but in no event shall the aggregate liability of Surety exceed the amount of this bond. If Surety completes the work pursuant to paragraph 1 above, that portion of the Contract balance as may be required to complete the Construction Work to be done under the Contract and to reimburse Surety for its outlays shall be paid to Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the Contract. To the extent that Surety's outlays exceed the Contract balance paid to Surety by Obligee, Surety shall be entitled to a dollar for dollar reduction of its liability under this bond, and Surety's aggregate liability shall not exceed the penal sum of this bond. The term "Contract balance" as used herein shall mean the total amount payable by Obligee under the Contract and any amendments thereto, less the amounts properly paid by Obligee to Principal under the Contract. The term "Construction Work" as used herein shall mean the providing of all labor and/or material necessary to complete Principal's scope of work under the Contract. Notwithstanding any language in the Contract to the contrary, the Contract

balance shall not be reduced or set off on account of any obligation, contractual or otherwise, except the reasonable construction cost incurred in completing the Construction Work.

5.      Any suit by Obligee under this bond must be instituted before the earlier of: (a) the expiration of one year from the date of substantial completion of the Construction Work, or (b) one year after Principal ceased performing the Construction Work, excluding warranty work.  If the public works bond statutes in the location where the Construction Work is being performed contains a statute of limitations for suits on the performance bond, then the limitation period set forth herein shall be read out of this bond and the statute of limitation set forth in the public works bond statutes shall be read into this bond.  If the limitation set forth in this bond is void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable, and said period of limitation shall be deemed to have accrued and shall commence to run no later than (y) the date of substantial completion of the Construction Work, or (z) the date Principal ceased performing Construction Work, excluding warranty work, whichever occurs first.

6.      A Claimant is defined as one other than Obligee having a contract with Principal or with a direct subcontractor of Principal to supply labor and/or materials and said labor and/or material is actually used, consumed or incorporated in the performance of the Construction Work under the Contract.

7.      Principal and Surety hereby jointly and severally agree with Obligee that every Claimant as herein defined who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed or materials were furnished by such Claimant, may bring suit on this bond, prosecute the suit to final judgment for the amount due under Claimant's contract for the labor and/or material supplied by Claimant which was actually used, consumed or incorporated in the performance of the Construction Work, and have execution thereon; provided, however, that a Claimant having a direct contractual relationship with a subcontractor of Principal shall have a right of action on this bond only if said Claimant notifies Surety in writing of its claim within ninety (90) days from the date on which said Claimant did or supplied the last labor and/or materials for which the claim is made.  Obligee shall not be liable for the payment of any costs or expenses of any such suit.

8.      No suit or action shall be commenced hereunder by any Claimant after the expiration of the earlier of: (a) one year after the day on which Claimant last supplied the labor and/or materials for which the claim is made; or (b) the limitation period set forth in the public works bond statutes, if any, in the location where the construction work is being performed.  Any limitation contained in this bond which is prohibited by any law controlling in the state where the suit is filed shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by the law of that state, and said period of limitation shall be deemed to have accrued and shall commence to run on the day Claimant last supplied the labor and/or materials for which the claim is made.

9.      No suit or action shall be commenced hereunder by Obligee or any Claimant other than in a state court of competent jurisdiction in the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

10.  The amount of this bond shall be reduced by and to the extent of any payment or payments made by Surety in good faith hereunder whether made directly to Obligee or Claimant(s) or otherwise in discharge of Principal's obligations.   Surety's liability hereunder to Obligee and all Claimants is limited, singly, or in the aggregate, to the penal sum of the bond set forth herein.  Surety may, at its option, discharge all obligations under this bond by interpleading into the registry of any court of competent jurisdiction of the full unused penal sum of this bond, or such portion thereof that will satisfy the obligations owed to Obligee and/or Claimant(s).  No right of action shall accrue on this bond to any person or entity other than Obligee and/or Claimant(s).  The bond shall not afford coverage for any liability of Principal for tortious acts, whether or not said liability is direct or is imposed by the Contract, and shall not serve as or be a substitute for or supplemental to any liability or other insurance required by the Contract.

11.    This bond is provided to comply with a statutory or other legal requirement for performing construction contracts for public owners in the location where the construction work is being performed.  Except as provided in paragraphs 5 and 8 above, all provisions in the bond which are in addition to or differ from those statutory or legal requirements shall be read out of this bond, and all pertinent statutes and other legal requirements shall be read into the bond.  This bond is a statutory bond, not a common law bond.

Signed this ____20th____ day of _____May_____, ___2022___.


**PRCHOU, LLC**

(Principal)

By: _____


**Travelers Casualty and Surety Company of America**

By: _____
**Heather Noles**                                    , Attorney-in-Fact



**TRAVELERS**

Travelers Casualty and Surety Company of America
Travelers Casualty and Surety Company
St. Paul Fire and Marine Insurance Company

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Marc W. Boots, Vickie Lacy, Susan Golla, Maria D. Zuniga, Richard Covington, Joseph R. Aulbert, Ashley Koletar, Heather Noles, Myisha Jefferson, and Ryan J. Varela** of Houston, Texas, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on, behalf of the Companies in the,r business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021**.

State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **21st** day of **April, 2021**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

_____
Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this 20th    day of  May    , 2022



_____
Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.*

**IMPORTANT NOTICE**

To obtain information or make a complaint:

You may call Travelers Casualty and Surety Company of America and its affiliates' toll-free telephone number for information or to make a complaint at:

**1-800-328-2189**

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

**1-800-252-3439**

You may write the Texas Department of Insurance:

P. O. Box 149104
Austin, TX  78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim you should contact your Agent or Travelers first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR BOND:**
This notice is for information only and does not become a part or condition of the attached document and is given to comply with Texas legal and regulatory requirements.

(PN-042-B)  Ed. 10.18.07

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                                    **PERFORMANCE BOND**

Document 00610

Bond No. 107365543

PERFORMANCE BOND

**THAT WE**, <u>PRCHOU, LLC</u>, as Principal,
(the "Contractor"), and the other subscriber hereto, <u>Travelers Casualty and Surety Company of America</u>
as Surety, do hereby acknowledge ourselves to be held and firmly bound to the City of
Houston (the "City"), a municipal corporation, in the penal sum of $<u>378,727.00</u> for the
payment of which sum, well and truly to be made to the City, its successors and
assigns, Contractor and Surety do bind themselves, their heirs, executors,
administrators, successors and assigns, jointly and severally.

**THE CONDITIONS OF THIS OBLIGATION ARE SUCH THAT:**

**WHEREAS**, the Contractor has on or about this day executed a Contract in
writing with the City for <u>Metro Bus Drive Lane Reconstruction - Project No. 236</u>,
all of such work to be done as set out in full in said Contract documents therein referred
to and adopted by the City Council, all of which are made a part of this instrument as
fully and completely as if set out in full herein.

**NOW THEREFORE**, if the said Contractor shall faithfully and strictly perform the
Contract in all its terms, provisions, and stipulations in accordance with its true meaning
and effect, and in accordance with the Contract documents referred to therein and shall
comply strictly with each and every provision of the Contract and with this Bond, then
this obligation shall become null and void and shall have no further force and effect;
otherwise the same is to remain in full force and effect.  Should the Contractor fail to
faithfully and strictly perform the Contract in all its terms, including but not limited to the
indemnifications thereunder, the Surety shall be liable for all damages, losses,
expenses and liabilities that the City may suffer in consequence thereof, as more fully
set forth herein.

It is further understood and agreed that the Surety does hereby relieve the City or
its representatives from the exercise of any diligence whatever in securing compliance
on the part of the Contractor with the terms of the Contract, and the Surety agrees that it
shall be bound to take notice of and shall be held to have knowledge of all acts and
omissions of the Contractor in all matters pertaining to the Contract.  The Surety
understands and agrees that the provision in the Contract that the City will retain certain
amounts due the Contractor until the expiration of 30 days from the acceptance of the
Work is intended for the City's benefit, and the City will have the right to pay or withhold
such retained amounts or any other amount owing under the Contract without changing
or affecting the liability of the Surety hereon in any degree.

It is further expressly agreed by Surety that the City or its representatives are at
liberty at any time, without notice to the Surety, to make any change in the Contract
documents and in the Work to be done thereunder, as provided in the Contract, and in

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                                                           **PERFORMANCE BOND**

the terms and conditions thereof, or to make any change in, addition to, or deduction from the Work to be done thereunder; and that such changes, if made, shall not in any way vitiate the obligation in this Bond and undertaking or release the Surety therefrom.

It is further expressly agreed and understood that the Contractor and Surety will fully indemnify and save harmless the City from any liability, loss, cost, expense, or damage arising out of Contractor's performance of the Contract.

If the City gives Surety notice of Contractor's default, Surety shall, within 45 days, take one of the following actions:

1. Arrange for Contractor, with consent of the City, to perform and complete the Contract; or

2. Take over and assume completion of the Contract itself, through its agents or through independent contractors, and become entitled to the payment of the balance of the Contract Price.

If the Surety fails to take either of the actions set out above, it shall be deemed to have waived its right to perform and complete the Contract and receive payment of the balance of the Contract Price and the City shall be entitled to enforce any remedies available at law, including but not limited to completing the Contract itself and recovering any cost in excess of the Original Contract Price from the Surety.

This Bond and all obligations created hereunder shall be performable in Harris County, Texas.  This Bond is given in compliance with the provisions of Chapter 2253, Texas Government Code, as amended, which is incorporated herein by this reference.

Notices required or permitted hereunder shall be in writing and shall be deemed delivered when actually received or, if earlier, on the third day following deposit in a United States Postal Service post office or receptacle, with proper postage affixed (certified mail, return receipt requested), addressed to the respective other Party at the address prescribed in the Contract documents, or at such other address as the receiving party may hereafter prescribe by written notice to the sending party.

Any party wishing to file a claim may call the Texas Department of Insurance at 1-800-252-3439 to obtain Surety's address for claims processing.

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236            **PERFORMANCE BOND**

    **IN WITNESS THEREOF**, the said Contractor and Surety have signed and sealed this instrument on the respective dates written below their signatures and have attached current Power of Attorney.

ATTEST, SEAL:  (if a corporation)
WITNESS:  (if not a corporation)

     PRCHOU, LLC
     Name of Contractor

By: _____

    Name:
    Title:

By: _____

    Name:
    Title:
    Date:

ATTEST/SURETY WITNESS:

(SEAL)

     Travelers Casualty and Surety Company of America
     Full Name of Surety
     1500 Market Street, West Tower, Suite 2900
     Address of Surety for Notice
     Philadelphia, PA 19102

     (267) 675-3130
     Telephone Number of Surety

By: _____

    Name: Maria D. Zuniga
    Title: Witness
    Date:

By: _____

    Name: Richard Covington
    Title:  Attorney-in-Fact
    Date:

This Ordinance or Contract has been reviewed as to form by the undersigned legal assistant and have been found to meet established Legal Department criteria.  The Legal Department has not reviewed the content of these documents.

_____      _____
Legal Assistant                                            Date

END OF DOCUMENT



**Travelers Casualty and Surety Company of America**
**Travelers Casualty and Surety Company**
**St. Paul Fire and Marine Insurance Company**

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS:** That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Marc W. Boots, Vickie Lacy, Susan Golla, Maria D. Zuniga, Richard Covington, Joseph R. Aulbert, Ashley Koletar, and Ryan J.Varela,** of Houston, Texas, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in the,r business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF,** the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021.**



State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **21st** day of **April, 2021**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes,** the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this          day of



Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.*

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                                          **STATUTORY PAYMENT BOND**

## Document 00611

Bond No. 107365543

### STATUTORY PAYMENT BOND

**THAT WE,** PRCHOU, LLC_____, as Principal,
hereinafter called Contractor and the other subscriber hereto, _Travelers Casualty and Surety_
_Company of America_____,
as Surety, do hereby acknowledge ourselves to be held and firmly bound unto the City of
Houston, a municipal corporation, in the sum of $__378,727.00_____ for the payment of
which sum, well and truly to be made to the City of Houston, and its successors, the said
Contractor and Surety do bind themselves, their heirs, executors, administrators,
successors,  jointly and severally.

**THE CONDITIONS OF THIS OBLIGATION ARE SUCH THAT:**

**WHEREAS,** the Contractor has on or about this day executed a contract in writing
with the City of Houston for _Metro Bus Drive Lane Reconstruction - Project No. 236_____
_____,
all of such work to be done as set out in full in said Contract documents therein referred to
and adopted by the City Council, all of which are made a part of this instrument as fully and
completely as if set out in full herein;

**NOW, THEREFORE,** if the said Contractor shall pay all claimants supplying labor
and materials to him or a Subcontractor in the prosecution of the Work provided for in the
Contract, then, this obligation shall be void; otherwise the same is to remain in full force
and effect;

**PROVIDED HOWEVER,** that this Bond is executed pursuant to the provisions of
Chapter 2253, Texas Government Code, as amended, and all liabilities on this Bond shall
be determined in accordance with the provisions of said Article to the same extent as if it
were copied at length herein.

**IN WITNESS THEREOF,** the said Contractor and Surety have signed and sealed
this instrument on the respective dates written below their signatures and have attached
current Power of Attorney.

Any party wishing to file a claim may obtain Surety's address for claims
processing on file with the Texas Department of Insurance by calling 1-800-252-3439.

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                                    **STATUTORY PAYMENT BOND**

ATTEST, SEAL:  (if a corporation)          PRCHOU, LLC
WITNESS:  (if not a corporation)           _____
                                           Name of Contractor

By: _____           By: _____
    Name:                                  Name:
    Title:                                 Title:
                                               Date:

ATTEST/SURETY WITNESS:          Travelers Casualty and Surety Company of America
                                _____
(SEAL)                          Full Name of Surety
                                1500 Market Street, West Tower, Suite 2900
                                _____
                                Address of Surety for Notice
                                Philadelphia, PA 19102
                                _____

                                (267) 675-3130
                                _____
By: _____  Telephone Number of Surety
    Name: Maria D. Zuniga            By: _____
    Title: Witness                   Name: Richard Covington
    Date:                            Title:  Attorney-in-Fact
                                 Date:

This Ordinance or Contract has been reviewed as to form by the undersigned legal
assistant and have been found to meet established Legal Department criteria.  The
Legal Department has not reviewed the content of these documents.

_____          _____
Legal Assistant                      Date

                        END OF DOCUMENT

                             00611-2
                            11-4-2009



# IMPORTANT NOTICE

## TO OBTAIN INFORMATION OR MAKE A COMPLAINT:

You may contact Travelers Casualty & Surety Company of America, Travelers Casualty & Surety Company, Travelers Indemnity Company, Standard Fire Insurance Company and/or Farmington Casualty Company for information or to make a complaint at:

Travelers Bond
Attn: Claims
1500 Market Street
West Tower, Suite 2900
Philadelphia, PA  19102

(267) 675-3130
(267) 675-3102 Fax

You may contact the Texas Department of Insurance to obtain the information on companies, coverages, rights or complaints at:

Texas Department of Insurance
P.O. Box 149104
Austin, TX  78714-9104

(800) 252-3439

ATTACH THIS NOTICE TO YOUR BOND. This notice is for information only and does not become a part or a condition of the attached document and is given to comply with Section 2253-021, Government Code, and Section 53.202, Property Code, effective September 1, 2001.



**Travelers Casualty and Surety Company of America**
**Travelers Casualty and Surety Company**
**St. Paul Fire and Marine Insurance Company**

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Marc W. Boots, Vickie Lacy, Susan Golla, Maria D. Zuniga, Richard Covington, Joseph R. Aulbert, Ashley Koletar, and Ryan J.Varela,** of Houston, Texas, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in the,r business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021.**

State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **21st** day of **April, 2021,** before me personally appeared **Robert L. Raney,** who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

_____
Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes,** the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this _____ day of _____ , _____ .



_____
Kevin E. Hughes, Assistant Secretary

**To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.**
**Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.**

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                                              **ONE-YEAR MAINTENANCE BOND**

Document 00612                    Bond No. 107365543

ONE-YEAR MAINTENANCE BOND

**THAT WE,**  PRCHOU, LLC                                    , as Principal,
hereinafter called Contractor, and the other subscriber hereto, Travelers Casualty and Surety
Company of America                                           ,
as Surety, do hereby acknowledge ourselves to be held and firmly bound to the City of
Houston, a municipal corporation, in the sum of $ 378,727.00                , for the payment of
which sum well and truly to be made to the City of Houston and its successors, the said
Contractor and Surety do bind themselves, their heirs, executors, administrators,
successors, jointly and severally.

**THE CONDITIONS OF THIS OBLIGATION ARE SUCH THAT:**

**WHEREAS**, the Contractor has on or about this day executed a Contract in writing
with the City of Houston for    Metro Bus Drive Lane Reconstruction - Project No. 236

_____,
all of such work to be done as set out in full in said Contract documents therein referred to
and adopted by the City Council, all of which are made a part of this instrument as fully and
completely as if set out in full herein.

**NOW THEREFORE**, if the said Contractor shall comply with the provisions of
Paragraph 11.5.1 of the General Conditions, and correct work not in accordance with the
Contract documents discovered within the established one-year period, then this obligation
shall become null and void, and shall be of no further force and effect; otherwise, the same
is to remain in full force and effect.

Notices required or permitted hereunder shall be in writing and shall be deemed
delivered when actually received or, if earlier, on the third day following deposit in a United
States Postal Service post office or receptacle, with proper postage affixed (certified mail,
return receipt requested), addressed to the respective other party at the address prescribed
in the Contract documents, or at such other address as the receiving party may hereafter
prescribe by written notice to the sending party.

**IN WITNESS THEREOF**, the said Contractor and Surety have signed and sealed
this instrument on the respective dates written below their signatures and have attached
current Power of Attorney.

ATTEST, SEAL:  (if a corporation)              PRCHOU, LLC
WITNESS:  (if not a corporation)
                                               Name of Contractor

By: _____         By: _____
       Name:                                     Name:
       Title:                                    Title:
                                                 Date:

00612-1
6-5-2007

DocuSign Envelope ID: 84EF0232-2FEE-4C2A-8F64-3640EFAD845B

Metro Bus Drive Lane Reconstruction
Project No. 236                          **ONE-YEAR MAINTENANCE BOND**

ATTEST/SURETY WITNESS:              Travelers Casualty and Surety Company of America
                                    Full Name of Surety
(SEAL)                               1500 Market Street, West Tower, Suite 2900
                                    Address of Surety for Notice
                                     Philadelphia, PA 19102

                                     (267) 675-3130
                                    Telephone Number of Surety

By: _____         By: _____
    Name: Maria D. Zuniga               Name: Richard Covington
    Title: Witness                      Title:  Attorney-in-Fact
    Date:                               Date:


This Ordinance or Contract has been reviewed as to form by the undersigned legal
assistant and have been found to meet established Legal Department criteria.  The
Legal Department has not reviewed the content of these documents.

_____              _____
Legal Assistant                      Date


                    END OF DOCUMENT


                        00612-2
                        6-5-2007



| | Travelers Casualty and Surety Company of America<br>Travelers Casualty and Surety Company<br>St. Paul Fire and Marine Insurance Company |

### POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Marc W. Boots, Vickie Lacy, Susan Golla, Maria D. Zuniga, Richard Covington, Joseph R. Aulbert, Ashley Koletar, and Ryan J.Varela,** of Houston, Texas, their true and lawful Attorney(s)-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in the,r business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **21st** day of **April, 2021.**



State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **21st** day of **April, 2021**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of each of the Companies, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2026**

Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of each of the Companies, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes,** the undersigned, Assistant Secretary of each of the Companies, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this          day of            ,          .



Kevin E. Hughes, Assistant Secretary

**To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.**
**Please refer to the above-named Attorney(s)-in-Fact and the details of the bond to which this Power of Attorney is attached.**



Exhibit 1-D

July 16, 2023


*Via E-mail* [mhester@munsch.com](mhester@munsch.com)
Mason P. Hester
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002-2806


|        |            |                                                                              |
|--------|------------|------------------------------------------------------------------------------|
| Re:    | Principal: | PRCHOU, LLC ("PRC")                                                            |
|        | Obligee:   | Metropolitan Transit Authority of Harris County ("Metro")                     |
|        | Surety:    | Travelers Casualty and Surety Company of America ("Travelers")                |
|        | Bonds:     | Performance Bond No. 107521472 and Performance Bond No. 107521472-1 (the "Bonds") |
|        | Projects:  | Segment #2 of route 56 – between Cavalcade & Tidwell Segment #3 between Tidwell and Gulf Bank Roads (collectively, the "Projects") |

## <u>DEMAND FOR COLLATERAL</u>

Mason:

In sending this letter to you, my understanding is that you are counsel for all indemnitors, which are PRC, Mukadas D. Kuban, Apar Pataer, Abdul R. Dawood, and Maria E. Dawood (the "Indemnitors"). Please let me know if you do not represent any of these parties in connection with indemnity matters, and I will reach out to them directly.

In its letter of May 5, Metro detailed multiples instances of default on the part of PRC, and it elected to terminate PRC's right to continuance performance on the Projects. As a result, Metro made a specific demand on the Bonds issued by the Surety. In addition, the Surety has received multiple claims against its payment bonds by subs and suppliers of PRC that have alleged non-payment.

The enclosed *General Agreement of Indemnity* executed by the Indemnitors on May 9, 2019 (the "Indemnity Agreement") provides as follows:

Mason Hester
July 16, 2023
Page 2

**5. Collateral Security:** Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss.

In accordance with the terms of the Indemnity Agreement, the Surety demands collateral of $2,866,884.78 (i.e., the aggregate penal limits of the Bonds) be deposited with the Surety as provided by the Indemnity Agreement. If the Surety has not received collateral, or a reasonable proposal for the pledging of collateral, by 11:59 PM on July 21, 2023, the Surety will move forward in consideration of all actions necessary to fully protect its interests. Feel free to give me a call at 214-494-8097 if you have any questions.

Nothing herein shall be deemed to be an estoppel, waiver, modification of any of the Surety's rights or defenses, and the Surety reserves all of its rights and defenses under any bond, contract, agreement, or applicable law. The Surety also makes a specific reservation of the right to demand additional collateral at any time should the Surety deem it necessary. The Surety also reserves its right to demand indemnity for all losses suffered on any bond issued on behalf of PRC, including attorney's fees and expenses.

Sincerely,

Brandon K. Bains

cc:    Connor Best



Exhibit 1-E

August 8, 2023

*Via E-mail* [mhester@munsch.com](mailto:mhester@munsch.com)
Mason P. Hester
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002-2806

|       |            |                                                        |
|-------|------------|--------------------------------------------------------|
| Re:   | Principal: | PRCHOU, LLC ("PRC")                                    |
|       | Obligee:   | Metropolitan Transit Authority of Harris County ("Metro") |
|       | Surety:    | Travelers Casualty and Surety Company of America ("Travelers") |
|       | Bonds:     | Performance Bond No. 107521472 and Performance Bond No. 107521472-1 (the "Bonds") |
|       | Projects:  | Segment #2 of route 56 – between Cavalcade & Tidwell Segment #3 between Tidwell and Gulf Bank Roads (collectively, the "Projects") |

## <u>NOTICE OF DEFAULT</u>

Mason:

In sending this letter to you, my understanding is that you continue to represent all indemnitors, which are PRC, Mukadas D. Kuban, Apar Pataer, Abdul R. Dawood, and Maria E. Dawood (the "Indemnitors"). Please let me know if you do not represent any of these parties in connection with indemnity matters, and I will reach out to them directly.

In correspondence dated July 16, 2023, the Surety demanded collateral of $2,866,884.78. This demand was pursuant to the obligations of the Indemnitors under the *General Agreement of Indemnity* executed on May 9, 2019 (the "Indemnity Agreement"). This letter demanded collateralization – or a reasonable proposal for the pledging of collateral – by 11:59 PM on July 21, 2023. Collateral has not been provided.

Accordingly, the failure of the Indemnitors to collateralize the Surety as demanded constitutes a default of the Indemnity Agreement. As noted in the prior letter, based on this default, the Surety will move forward with consideration of all actions necessary to

Mason Hester
August 8, 2023
Page 2

fully protect its interests. Feel free to give me a call at 214-494-8097 if you have any questions.

Nothing herein shall be deemed to be an estoppel, waiver, modification of any of the Surety's rights or defenses, and the Surety reserves all of its rights and defenses under any bond, contract, agreement, or applicable law. The Surety also makes a specific reservation of the right to demand additional collateral at any time should the Surety deem it necessary. The Surety also reserves its right to demand indemnity for all losses suffered on any bond issued on behalf of PRC, including attorney's fees and expenses.

Sincerely,

Brandon K. Bains

cc:    Connor Best

Exhibit 1-F

**PRCHOU, LLC**
**Payment Spreadsheet**
**as of June, 5, 2025**

| Claim Num | Payee | Payment Type | Check No | Check Date | Amount | Assigned Claimant/Roleholder Paid | Role |
|---|---|---|---|---|---|---|---|
| 092-SC-T2306833-RG | St. Paul Travelers, Claim Travel | Employee Travel | | | $1,018.75 | | |
| 092-SC-T2307247-RG | Leftamo Construction LLC | Damages - Payment | 2116307 | 2023/08/18 | $24,661.00 | Leftamo Construction LLC | Claimant |
| 092-SC-T2311169-RG | CMC Construction Services | Damages - Payment | 2138988 | 2024/03/25 | $5,488.83 | CMC Construction Services | Claimant |
| 092-SC-T2307247-RG | Montgomery Heavy Equipment | Damages - Payment | 2116319 | 2023/08/18 | $21,404.21 | Montgomery Heavy Equipment | Claimant |
| 092-SC-T2302926-RG | Hon. John T. Wooldridge, L | ADR Fees | 2174729 | 2025/03/03 | $1,900.00 | | Mediator |
| 092-SC-T2307247-RG | Houston Crushed Concrete, LLC | Damages - Payment | 2117151 | 2023/08/28 | $4,672.11 | Houston Crushed Concrete, LLC | Claimant |
| 092-SC-T2307247-RG | Concrete Pros Ready Mix | Damages - Payment | 2117465 | 2023/08/31 | $79,334.00 | Concrete Pros Ready Mix | Claimant |
| 092-SC-T2306833-RG | Brian Smith Construction and Inspection, | Damages - Payment | 2119002 | 2023/09/14 | $11,518.20 | Brian Smith Construction and Inspection, Inc. | Claimant |
| 092-SC-T2307247-RG | Prchou, LLC | MISC Credit | | 2023/09/29 | ($24,661.00) | | Surety Principal |
| 092-SC-T2307247-RG | Prchou, LLC | MISC Credit | | 2023/09/29 | ($21,404.21) | | Surety Principal |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2121439 | 2023/10/06 | $9,951.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2121440 | 2023/10/06 | $15,280.00 | | Atty Representing Travelers |
| 092-SC-T2307247-RG | Metropolitan Transit Authority of Harris | Damages - Performance | 2148425 | 2024/06/24 | $1,094,800.00 | Metropolitan Transit Authority of Harris County, Texas | Obligee |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2130002 | 2024/01/02 | $6,692.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2130003 | 2024/01/02 | $10,243.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Texas Concrete Enterprises Ready Mix, In | Damages - Payment | 2134293 | 2024/02/08 | $8,460.00 | Texas Concrete Enterprises Ready Mix, Inc. | Claimant |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2136650 | 2024/03/04 | $124.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2136651 | 2024/03/04 | $279.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2136652 | 2024/03/04 | $279.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2139916 | 2024/04/03 | $2,740.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2139917 | 2024/04/03 | $5,544.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2146121 | 2024/06/03 | $562.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Cole Investigative Agency | Salvage - Other | 2146610 | 2024/06/06 | $4,095.19 | | Other Vendor (non Atty) |
| 092-SC-T2306833-RG | Metropolitan Transit Authority of Harris | Damages - Performance | 2148424 | 2024/06/24 | $605,200.00 | Metropolitan Transit Authority of Harris County, Texas | Obligee |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2149129 | 2024/07/02 | $1,995.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Salvage - Attorney fees/costs | 2149130 | 2024/07/02 | $3,974.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2155577 | 2024/09/03 | $957.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Cole Investigative Agency | Salvage - Other | 2156618 | 2024/09/11 | $1,190.75 | | Other Vendor (non Atty) |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2159009 | 2024/09/11 | $1,914.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Salvage - Attorney fees/costs | 2159260 | 2024/10/03 | $20,410.50 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2165758 | 2024/12/03 | $1,320.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2168863 | 2025/01/02 | $792.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Salvage - Attorney fees/costs | 2168864 | 2025/01/02 | $2,112.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2174991 | 2025/03/05 | $1,254.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2177282 | 2025/04/04 | $198.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Salvage - Attorney fees/costs | 2177653 | 2025/04/10 | $2,475.00 | | Atty Representing Travelers |
| 092-SC-T2306833-RG | Bains Law PLLC | Atty: Surety (non-salvage) | 2181393 | 2025/06/03 | $594.00 | | Atty Representing Travelers |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | **Grand Total** | | | | **$1,907,367.33** | | |