IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-796 |
| | § | |
| PRCHOU, LLC; MUKADAS D. KURBAN; | § | |
| APAR PATAER; ABDUL R. DAWOOD; | § | |
| and MARIA E. DAWOOD | § | |
|    *Defendants*. | § | |

**DEFENDANTS PRCHOU, LLC, MUKADAS D. KURBAN, AND APAR PATAER'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF AND BRIEF IN SUPPORT AND OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants PRCHOU, LLC, MUKADAS D. KURBAN, and APAR PATAER ("Defendants") file this Response to the Motion for Summary Judgment ("the Motion") filed by Plaintiff Travelers Casualty and Surety Company of America ("Travelers" or "Surety") and would respectfully show the Court as follows:

**I.      INTRODUCTION**

1.      Travelers' Motion should be denied because genuine issues of material fact permeate every aspect of its claim for damages. Travelers rests its entire case on an indemnity agreement, but ignores the fundamental prerequisites for enforcing it. Specifically, Travelers has failed to provide any competent summary judgment evidence that it actually sustained a "Loss," as defined in the agreement, by settling and obtaining releases for the underlying claims. Instead, it offers only a self-generated ledger and the declaration of a non-lawyer employee, which are

insufficient to establish damages, particularly the reasonableness and necessity of over $70,000 in attorneys' fees.

2.      Furthermore, Travelers ignores the pending state court litigation between Defendants and the project owner, METRO, which was filed before this action. The outcome of that case is dispositive of whether any loss occurred at all. If Defendants prevail, Travelers' claims will be rendered moot. For these reasons, and as detailed below, the Motion should be denied, or in the alternative, this case should be stayed pending the resolution of the state court action.

## II.    FACTUAL BACKGROUND

3.      This dispute arises from construction projects for the Metropolitan Transit Authority of Harris County ("METRO"), for which Travelers issued surety bonds on behalf of the principal, Defendant PRCHOU, LLC. The central, disputed fact is who breached the underlying construction contract. Travelers' motion is premised on the allegation that PRCHOU defaulted on its obligations to METRO.

4.      However, as detailed in their pleadings, Defendants vehemently deny this. (Dkt. 19). To the contrary, Defendants contend that METRO was the party that breached the contract by, among other things, failing to make payments. In fact, Defendants assert that METRO owes PRCHOU in excess of $11,000,000.

5.      Crucially, before Travelers initiated this federal lawsuit, PRCHOU filed suit against METRO for breach of contract. That initial state court case was non-suited and refiled as Cause No. 202524357 in the 334th Harris County District Court, styled *PRCHOU LLC, D/B/A PREMIER REGIONAL CONSTRUCTION HOUSTON vs. METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY*. That state court case remains pending and will adjudicate the core issue of whether PRCHOU defaulted or whether METRO is the breaching party. Defendants have consistently maintained that because METRO breached the contract, no obligation on the bonds—

and therefore no obligation under the Indemnity Agreement—was ever triggered. They deny that Travelers has suffered any cognizable "Loss" and assert that any payments made by Travelers were unreasonable and voluntary, particularly while the underlying liability is being actively litigated in state court.

### III.     SUMMARY JUDGMENT STANDARD

6.     Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

7.     The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

8.     The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the evidence is such that a reasonable jury could return a verdict for the nonmoving party, a genuine issue of material fact exists, and summary judgment must be denied. *Anderson*, 477 U.S. at 248.

## IV.    ARGUMENT AND AUTHORITIES

### A. Fact Issues Preclude Summary Judgment on Travelers' Claim for Damages.

9.    Travelers seeks $1,907,367.33 in damages based on its claim that it paid this amount to resolve bond claims. However, Travelers' summary judgment evidence falls far short of establishing these damages as a matter of law.

#### 1.    Travelers Has Provided No Evidence of Any Settlement or Release.

10.    The cornerstone of a surety's indemnity claim is proof of payment that extinguishes the principal's underlying liability. Travelers has failed to provide any such proof. The only evidence attached to its Motion is a declaration from a Senior Bond Claims Executive, Timothy G. Snyder, and an internal payment spreadsheet he authenticated. (Dkt. 31-1, Ex. 1-F). This spreadsheet is merely a list of payees and amounts. It is not, as Travelers contends, "prima facie evidence" of a loss. Conspicuously absent are the essential documents required to prove a loss was actually incurred:

- **No Settlement Agreements:** Travelers has produced no settlement agreements with METRO or any other vendor claimant.

- **No Releases:** There is no evidence that Travelers obtained a release of claims against itself or, more importantly, against the Defendants herein.

- **No Proof of Payment:** The ledger is not proof of payment. Travelers has not provided cancelled checks, wire transfer confirmations, or any other objective evidence that money actually changed hands.

11.    Without a release, Defendants remain liable to METRO and other vendors. If Travelers simply gave money to these entities without securing a full and final release of all claims, it has not indemnified Defendants; it has merely made a voluntary payment that provided no benefit to Defendants. Such a payment, which fails to extinguish the underlying debt, is not a

"Loss" under the indemnity agreement and may represent a breach of the Surety's obligations to its indemnitors. At a minimum, it raises a question of fact as to whether Travelers acted in good faith.

**2.    The Claim for Attorney's Fees is Wholly Unsupported by Competent Evidence.**

12.    Travelers seeks to recover tens of thousands of dollars in attorney's fees as part of its damages but provides zero competent evidence to support the request. Defendants object to the Declaration of Timothy G. Snyder to the extent it purports to support an award of attorney's fees. Mr. Snyder is a Senior Bond Claims Executive, not a licensed attorney, and is not competent to testify as to the reasonableness or necessity of legal fees.

13.    The law is clear that claims for attorney's fees must be supported by the testimony of a legal expert who can opine on the reasonableness and necessity of the fees under the "lodestar" analysis. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Travelers has submitted no declaration from its own attorney, no detailed billing records, and no lodestar calculation.

14.    Travelers' request also fails to comply with the evidentiary requirements for attorney's fees set forth by the Texas Supreme Court in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), and fails to provide the necessary documentation to establish the reasonableness and necessity of its fees under the lodestar method as required in federal court.

15.    Ironically, Travelers' own motion highlights its failure. In Paragraph 43, Travelers cites *Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc.*, No. 11-15950, 2013 WL 2150920 (11th Cir. May 20, 2013), for the proposition that a surety can meet its prima facie burden by submitting "payment records of its attorneys' fees in the form of a computer printout verified by affidavit." (Dkt. 31 at 17). Yet, Travelers has failed to provide even this barest level of evidence. The spreadsheet attached to the non-lawyer Snyder's declaration is not an affidavit from a legal

professional verifying the fees. This is a complete failure of proof. Defendants will provide an affidavit from their counsel, Minh-Tam (Tammy) Tran, contesting the reasonableness of the fees claimed. (*See* **Exhibit A** – Declaration of Minh-Tam (Tammy) Tran. The utter lack of evidence on this point alone creates a fact issue that must defeat summary judgment.

**B. The Proper Remedy for Failure to Post Collateral is Specific Performance, Not a Money Judgment.**

16.     Travelers complains that Defendants breached the indemnity agreement by failing to post collateral upon demand. While Defendants dispute the validity of the demand, the remedy for such a breach is not an immediate judgment for the amount of the collateral demanded. The contractual provision for collateral is a tool to protect the surety from *potential* future losses. The remedy for its breach is an equitable action for specific performance to compel the posting of the collateral. It does not create a present debt for the full amount. Travelers has not suffered a $1.9 million "Loss" simply because Defendants did not deposit that amount into a collateral account. A fact issue exists as to what, if any, loss has actually been sustained.

**C. This Case Should Be Stayed Pending Resolution of the First-Filed State Court Litigation.**

17.     Prior to Travelers filing this suit, Defendants instituted litigation against METRO and other vendors in Texas state court concerning the same construction projects at issue here. That litigation will determine whether Defendants breached their contracts with METRO and whether the vendors' claims are valid.

18.     The resolution of the state court case is dispositive of the claims in this Court. If Defendants are successful, they will have been found not liable to METRO, and Travelers will have suffered no damages for which it can seek indemnity. Any payments it made would be deemed voluntary and non-reimbursable. Proceeding with this case would risk inconsistent

judgments and waste judicial resources. Therefore, the most prudent and efficient course of action is to stay this case until the state court litigation is resolved.

## V.    OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

19.    Defendants object to the Declaration of Timothy G. Snyder (Dkt. 31-1), Plaintiff's sole evidentiary support, on the following grounds:

1) **Not Competent to Testify Regarding Attorney's Fees:** Mr. Snyder is a "Senior Bond Claims Executive," not a licensed attorney. He is not qualified to offer testimony, expert or lay, on the reasonableness or necessity of the legal fees claimed by Travelers. Any statements in his declaration that purport to establish the amount or propriety of attorney's fees are incompetent and must be stricken.

2) **Legal Conclusions:** Mr. Snyder's declaration is replete with improper legal conclusions. For example, he avers that Defendants have an "obligation" under the Indemnity Agreement, that they "failed to fulfill their obligations," and that their failure to provide collateral constituted a "default." These are legal determinations reserved for the Court, not factual testimony from a corporate employee.

3) **Hearsay and Lack of Personal Knowledge:** Mr. Snyder's declaration attempts to authenticate a "Payment Spreadsheet" (Ex. 1-F) that is offered to prove the truth of the matters asserted therein—namely, that Travelers paid certain amounts to third parties. The spreadsheet itself is hearsay. While Mr. Snyder may be the custodian of this internal record, he lacks personal knowledge of the underlying transactions. He cannot testify that any payment was actually made, that it was reasonable, or that it was made to secure a valid release of claims.

20.    For these reasons, the Declaration of Timothy G. Snyder should be stricken in whole or in part, and it cannot support summary judgment.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment in its entirety. In the alternative, Defendants request that the Court stay and administratively close this case pending the resolution of the related state court proceedings.

DATED this 1st day of July 2025.            Respectfully submitted,

/s/ Lloyd E. Kelley
LLOYD E. KELLEY
State Bar No. 11203180
Texas Justice Center
4900 Fournace Place, Suite 500
Bellaire, Texas 77401
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com
Counsel for PRCHOU, LLC,
MUKADAS D. KURBAN, and
APAR PATAER

By:  /s/ Minh-Tam Tran
Minh-Tam (Tammy) Tran
THE TAMMY TRAN LAW FIRM
Texas Bar No. 20186400
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
Telephone: (832) 372-4403
Email: ttran@tt-lawfirm.com
COUNSEL FOR PRCHOU, LLC,
MUKADAS D. KURBAN, and
APAR PATAER

## CERTIFICATE OF SERVICE

I, Lloyd E. Kelley, hereby certify that on this 1st day of July 2025, I caused the foregoing to be served via the Court's ECF Filing System, and through that system, it will be served upon registered counsel by email.

/s/ Lloyd E. Kelley
LLOYD E. KELLEY