IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>   *Plaintiff*,<br><br>v.<br><br>PRCHOU, LLC; MUKADAS D. KURBAN; APAR PATAER; ABDUL R. DAWOOD; and MARIA E. DAWOOD<br>   *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 4:24-cv-796 |

**DECLARATION OF MINH-TAM (TAMMY) TRAN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

My name is Minh-Tam (Tammy) Tran. I am over the age of eighteen years and am fully competent in all respects to make this declaration. My date of birth is July 29, 1951, and my address is 4900 Fournace Place, Suite 418, Bellaire, TX 77401. The facts stated herein are within my personal knowledge and are true and correct.

1. I am an attorney licensed to practice law in the State of Texas and am admitted to practice before this Court. I am counsel of record for Defendants PRCHOU, LLC, MUKADAS D. KURBAN, and APAR PATAER ("Defendants") in this matter.

2. I have reviewed the Motion for Summary Judgment filed by Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), including the Declaration of Timothy G. Snyder and the "Payment Spreadsheet" attached thereto as Exhibit 1-F.

3. Travelers seeks to recover significant attorneys' fees as part of its alleged "Loss." The Payment Spreadsheet lists numerous entries for "Bains Law PLLC" for "Atty: Surety (non-



Page **1** of **2**

4. salvage)" and "Salvage-Attorney fees/costs," seeking tens of thousands of dollars in fees with no supporting documentation..

4. As an attorney with experience in commercial and construction litigation, it is my opinion that the attorneys' fees claimed by Travelers are not supported by competent summary judgment evidence. Travelers' request fails to comply with the evidentiary requirements for attorney's fees set forth by the Texas Supreme Court in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), and fails to provide the necessary documentation to establish the reasonableness and necessity of its fees under the lodestar method as required in federal court.

5. Specifically, Travelers has produced no affidavit or declaration from its own counsel, Brandon K. Bains. It has produced no contemporaneous billing records, invoices, or time entries that would detail the work performed, the identity and qualifications of the person performing the work, the hourly rate charged, and the time spent on specific tasks.

6. Without this fundamental evidence, it is impossible for the Court or for Defendants to assess whether the fees claimed are reasonable or necessary. The lump-sum entries on a spreadsheet authenticated by a non-lawyer corporate employee are legally insufficient to support an award of attorneys' fees on summary judgment.

7. Based on my review of the record, the fees appear excessive or unnecessary and unreasonable for the work performed in this case to date.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on this 1st day of July, 2025.

_____
**Minh-Tam (Tammy) Tran**

2