IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-796 |
| | § | |
| PRCHOU, LLC; MUKADAS D. KURBAN; | § | |
| APAR PATAER; ABDUL R. DAWOOD; | § | |
| and MARIA E. DAWOOD | § | |
|    *Defendants.* | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment set forth by Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"). The Court has considered the Motion, the Response filed by Defendants PRCHOU, LLC, Mukadas D. Kurban, and Apar Pataer (collectively, "Defendants"), the replies, and the applicable law.

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Court finds that Defendants have successfully demonstrated that genuine disputes of material fact exist which preclude summary judgment at this time. Specifically, there are fact issues concerning:

1. **The existence and amount of Plaintiff's damages.** Plaintiff has not provided conclusive evidence, such as settlement agreements or releases, to demonstrate that its payments to third parties actually extinguished the underlying liability of the Defendants.

2.      **The reasonableness and necessity of the attorneys' fees claimed.** Plaintiff's evidence for its attorneys' fees consists of a spreadsheet authenticated by a non-lawyer employee, which is insufficient to meet the lodestar requirements for proving up fees.

3.      **The underlying liability on the bonds.** The question of whether the principal, PRCHOU, LLC, defaulted on the construction contract or whether the obligee, METRO, was the breaching party is the subject of a pending state court lawsuit. The outcome of that case is material to whether Plaintiff suffered any loss for which it can be indemnified.

As such, these and other genuine disputes of material fact exist, therefore, summary judgment is inappropriate.

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** in its entirety as a matter of law.

SIGNED at Houston, Texas, on this _____ day of _____, 2025.


_____
**HON. KENNETH M. HOYT**
**UNITED STATES DISTRICT JUDGE**